**Theodore SAMUEL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 03–94–00257–CR.**

Court of Appeals of Texas,
Austin.

March 15, 1995.

488

Laurie J. Blackburn [Signed brief], Austin, for appellant.

Ronald Earle [Signed brief], Dist. Atty., Philip A. Nelson, Jr., Asst. Dist. Atty., Austin, for State.

Before CARROLL, C.J., and ABOUSSIE and JONES, JJ.

PER CURIAM.

The district court found appellant guilty of possessing cocaine and assessed punishment at imprisonment for five years. Controlled Substances Act, 71st Leg., R.S., ch. 678, sec. 1, § 481.115, 1989 Tex.Gen.Laws 2230, 2936 (Tex.Health & Safety Code Ann. § 481.115, since amended). The sole issue on appeal is whether the court erred by overruling appellant's motion to suppress the cocaine.

On January 11, 1994, Austin police officer Andrew Haynes obtained a warrant to search a house at 1408 Redwood Avenue in Austin and to arrest the resident of the house, Kathy Smith. No other person was named or described in the warrant or the probable cause affidavit on which it was based. Haynes and approximately nine other police officers executed the warrant that night. The officers found several people in the house, including appellant, who was standing in the kitchen as the officers entered. Haynes testified that each person in the house was immediately "secured," meaning that each person was made to lie on the floor and was handcuffed.

After the occupants of the house were secured, Haynes spoke to appellant, who was allowed to stand up but remained handcuffed. Haynes testified, "I informed him who I was and explained to him what we were doing there and I asked him if he had any narcotics on him. He told me no. Then I asked him for consent to search him. He told me to go ahead." The officer found a rock of crack cocaine inside appellant's pants pocket. Appellant contends his consent to the search of

his person was both involuntary and the tainted product of an unlawful arrest, and that the evidence seized pursuant to the search should have been suppressed. U.S. Const. amend. IV; Tex. Const. art. I, § 9; Tex.Code Crim.Proc.Ann. art. 38.23(a) (West Supp.1995). In overruling appellant's motion to suppress, the district court found that appellant had not been arrested and that he voluntarily consented to the search. We conclude that each of these findings was incorrect.

We first address the State's contention that appellant does not have standing to contest the search. The State points to appellant's trial testimony that he had taken a bath minutes before the police arrived and was wearing pants given to him by Smith because his own clothes were dirty. The State urges that appellant lacks standing to complain of the search because he disclaimed ownership of the pants.

■ In the opinions cited by the State, the issue presented was the defendant's standing to contest the search of an automobile. *See Rakas v. Illinois,* 439 U.S. 128, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978); *Flores v. State,* 871 S.W.2d 714, 719–20 (Tex.Crim.App. 1993); *Chapa v. State,* 729 S.W.2d 723 (Tex. Crim.App.1987); *Jimenez v. State,* 750 S.W.2d 798, 804 (Tex.App.—El Paso 1988, pet. ref'd). The State refers us to no opinion holding that a defendant lacked standing to complain of a search of clothing he was wearing at the time of the search. We believe that a person has a reasonable expectation of privacy in the clothes he wears. *See Chapa,* 729 S.W.2d at 727 (test for standing). A holding that appellant lacked standing . to contest the search of the pants he was wearing would be, in effect, a holding that appellant lacked standing to challenge the search of his person. We decline to make such a holding.

■ Contrary to the finding by the district court, appellant was arrested when he was ordered to lie on the floor and handcuffed. *Burkes v. State,* 830 S.W.2d 922, 925 (Tex.Crim.App.1991); *Amores v. State,* 816 S.W.2d 407, 411–12 (Tex.Crim.App.1991); *Bell v. State,* 845 S.W.2d 454, 459 (Tex. App.—Austin 1993, no pet.); Tex.Code Crim.

Proc.Ann. art. 15.22 (West 1977). A warrant to search a premises and to arrest and search specified individuals does not carry with it the authority to detain, search, or frisk persons found on the premises but not directly associated with the premises and not named or specifically described in the warrant. *Lippert v. State,* 664 S.W.2d 712, 721–22 (Tex.Crim.App.1984); *Bell,* 845 S.W.2d at 457; *Conner v. State,* 712 S.W.2d 259, 260 (Tex.App.—Austin 1986, pet. ref'd). In this cause, the State had the burden to show the existence of probable cause to justify appellant's warrantless arrest and search. *Bell,* 845 S.W.2d at 459–60. The State made no effort to satisfy this burden and concedes on appeal that appellant's arrest was unlawful. Nevertheless, the State argues that the search of appellant's person was proper because it was conducted with appellant's consent.

■ Evidence seized pursuant to a consensual search following an unlawful arrest is admissible if it is shown by clear and convincing evidence that the consent to search (1) was voluntarily given and (2) was not the fruit of the unlawful arrest. *Boyle v. State,* 820 S.W.2d 122, 130–32 (Tex.Crim.App.1989); *Juarez v. State,* 758 S.W.2d 772, 776–80 (Tex. Crim.App.1988); *Brick v. State,* 738 S.W.2d 676, 678–81 (Tex.Crim.App.1987); *Howe v. State,* 874 S.W.2d 895, 901–02 (Tex.App.— Austin 1994, no pet.). While an unlawful arrest does not automatically invalidate a consent to search, a voluntary consent does not automatically validate a search following an unlawful arrest. *Howe,* 874 S.W.2d at 902. If a defendant's voluntary consent to search · following an unlawful arrest is obtained by the exploitation of the arrest, the search is unlawful. *Id.*

■ A consent to search is not voluntary if the police use duress or coercion, actual or implied, to obtain it, or if the consent is nothing more than acquiescence to a claim of lawful authority. *Reyes v. State,* 741 S.W.2d 414, 430 (Tex.Crim.App.1987); *Howe,* 874 S.W.2d at 901. A leading commentator has written:

[A]n illegal arrest bears uniquely on the question of voluntariness, for it constitutes

a false claim of authority over the person in much the same way that reliance upon an illegal search warrant constitutes a false claim of authority over the premises named in the warrant. Thus, just as a "consent" to search premises prompted by an illegal warrant is not voluntary, a "consent" to search of the person following an illegal arrest is likewise not voluntary. The making of the arrest communicates an assertion of authority to maintain custody of the individual and, by common understanding, to also search the person incident to that custody.

3 Wayne R. LaFave, *Search and Seizure* § 8.2(d), at 192 (2d ed. 1987) (footnotes omitted). The Court of Criminal Appeals has repeatedly cited this section of LaFave's treatise as a persuasive discussion of the law regarding the validity of a consent to search given after an unlawful arrest. *Boyle,* 820 S.W.2d at 131–32; *Juarez,* 758 S.W.2d at 776; *Brick,* 738 S.W.2d at 680–81.

■ In this cause, ten police officers burst into Smith's house with weapons drawn, ordered all persons present to lie on the floor, and then handcuffed each individual. Immediately thereafter, appellant, while handcuffed, was asked if he would consent to a search of his person. In *Howe,* we found a consent to search given under far less coercive circumstances to be involuntary. 874 S.W.2d at 902–03. Given the show of force by the police and the claim of authority implicit in his unlawful arrest, we believe that the State failed to demonstrate by clear and convincing evidence that appellant's consent to the search of his person was voluntary.

■ Even if appellant's consent to the search were deemed voluntary, his consent was not shown to be untainted by the illegality of his arrest. *See Boyle,* 820 S.W.2d at 131–33; *Brick,* 738 S.W.2d at 678–81 (factors to be considered in determining if voluntary consent to search was tainted by unlawful arrest). Haynes testified that he did not advise appellant of his *Miranda*[1] rights or

inform him that he could refuse to consent to the search. Appellant's consent was sought and obtained hard on the heels of his unlawful arrest, and it resulted in the discovery of the material for which the police were searching. We understand that the execution of a search warrant can be a dangerous undertaking and accept as true Haynes's testimony that the occupants of the house were arrested as a safety precaution. But Haynes also testified that appellant did nothing to give the officer cause to fear for his safety, and we cannot ignore that the illegality of arresting a person merely present when a search warrant is executed had been clearly established by the Court of Criminal Appeals ten years before appellant's arrest and reaffirmed by this Court only one year before the arrest. *Lippert,* 664 S.W.2d at 721–22; *Bell,* 845 S.W.2d at 457.[2] Under the circumstances, we find that the State did not demonstrate by clear and convincing evidence that the impropriety of appellant's arrest had dissipated before he consented to the search of his person that resulted in the discovery of the cocaine.

Points of error one and two are sustained. The judgment of conviction is reversed and the cause is remanded to the district court for a new trial.

1. *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

2. Insofar as appellant's arrest is concerned, the conduct of the police in this cause was essentially identical to that deemed unlawful in *Bell.*