NO. 07-99-0454-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

OCTOBER 30, 2000

______________________________

VIRGINIA LOMAS,

Appellant

v.

THE STATE OF TEXAS, 

Appellee

_________________________________

FROM THE 140
TH
 DISTRICT COURT OF LUBBOCK COUNTY;

NO. 98-428,745; HON. JIM BOB DARNELL, PRESIDING

_______________________________

ON APPELLANT’S MOTION FOR REHEARING
 

________________________________

 

Before QUINN and REAVIS and JOHNSON, JJ.

Upon original submission of this case, we affirmed the judgment of the trial court.  Thereafter, appellant filed a motion for rehearing to which the State responded.  We grant appellant’s motion for rehearing, withdraw our original opinion and judgment of July 5, 2000, and substitute the following in its stead.  

Virginia Lomas (appellant) appeals her felony conviction for possessing a controlled substance.  Her sole point of error concerns the trial court’s refusal to suppress evidence allegedly found in violation of her constitutional right to be free from unreasonable searches and seizures.
(footnote: 1)  That is, she contends that the police officers had no basis to enter her apartment without a warrant, conduct a search, and seize the contraband which she was charged with possessing.  We reverse.         

 Background
 

The record illustrates that police officer Arredondo arranged to buy a pound of cocaine from David Singleterry.  The latter informed Arredondo that the substance would have to be acquired from another, namely David Guiterrez.  Arredondo knew of Guiterrez through prior dealings with Singleterry.  Thereafter, Singleterry and Arredondo proceeded to an apartment.  When they arrived, the officer recognized Guiterrez’s car which was parked outside.

Singleterry entered the apartment while Arredondo remained outside.  A short time passed before Singleterry exited with a sample of the drug for the officer to test and to tell the officer that Singleterry’s “source” would not “front” the cocaine until he had the money.  Arredondo gave $11,500 to Singleterry who then reentered the apartment.  Approximately one minute passed before Singleterry returned with a pound of cocaine.  At that time, Arredondo signaled fellow officers to proceed with arrests.  He assisted in the endeavor by forcing open the door of the apartment and entering.

Although appellant was found near the door, someone was seen moving from a back room and “thumping noises, like somebody moving around or things being moved around” were heard.  Arredondo and the others proceeded to the back room to investigate.  As they did, they spied a white powdery substance and a razor blade atop a dresser, money on the bed, and a white powdery substance around a toilet.  Soon, Gutierrez was discovered and arrested; appellant was arrested later.

Standard of Review

Whether the trial court erred in denying a motion to suppress depends upon whether it abused its discretion.  
Benitez v. State, 
5 S.W.3d 915, 918 (Tex. App. --Amarillo 1999, pet. ref’d.).  Whether it abused its discretion depends upon whether, given the record before it and the applicable law, the decision fell outside the zone of reasonable disagreement.   
Id.

Next, while questions of law are subject to unfettered 
de novo
 review, the same is not necessarily true with regard to mixed questions of law and fact.  That is, the application of law to fact is a mixed question of law and fact.  
Guzman v. State
, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997).  Furthermore, when the resolution of the ultimate question turns on an evaluation of the credibility and demeanor of the witnesses, then we afford almost total deference to the manner in which the trial court applied the law to facts before it.  The same deference is afforded the trial court’s determination of the historical facts involved. 
Id
.  In all other situations, we review, 
de novo
, the manner in which the law is applied. 
 Id
.

Next, it is beyond gainsay that the United States and Texas Constitutions prohibit unreasonable searches.  
U.S. Const
.
 amend. IV; 
Tex. Const. Ann
.
 art. I, § 9 (Vernon 1997).  Furthermore, a warrantless search is 
per se
 unreasonable.  
Reyes v. State
, 910 S.W.2d 585, 589 (Tex. App.--Amarillo 1995, pet. ref’d).  Yet, evidence garnered as a result of such a warrantless search need not be suppressed if the State proves that it was obtained via one of the exceptions to the warrant requirement.  
Id.
  Those exceptions involve evidence obtained by 1) a search incident to a lawful arrest, 2) a search implicating what has become known as the “automobile exception,” 3) an inventory search, and 4) perusal of items in plain view.  
Id.
   Another is the presence of exigent circumstances permitting the warrantless conduct.  Examples of such circumstances are the presence of some danger to an officer or victim, an increased likelihood of apprehending a suspect who may be fleeing, or the possible destruction of evidence.  
McNairy v. State
, 835 S.W.2d 101, 107 (Tex. Crim. App. 1991); 
Covarrubia v. State
, 902 S.W.2d 549, 554 (Tex. App.--Houston [1
st
 Dist.] 1995, pet ref’d.) (citing as examples of exigent circumstances the need to 1) render aid to one reasonably believed to be in need of aid, 2) prevent the destruction of evidence or contraband, and 3) protect the officers from individuals reasonably believed to be present and dangerous).  One’s knowing and voluntary consent to a search also obviates the need for a warrant.  

Finally, probable cause to arrest someone or to believe that fruits of a crime may be present at a particular locale is not an exception.  Neither alone justifies a warrantless search.  
See McNairy v. State
, 835 S.W.2d at 106 (stating that for a warrantless search to be justified, the State must show the existence of probable cause at the time of the search 
and
 of exigent circumstances which made securing a warrant impractical). 

Application of Standard

As previously mentioned, appellant moved the court to suppress the evidence of contraband found in her apartment.  She thought herself entitled to same because the officers conducting the search lacked a warrant.  Furthermore, no exception to the warrant requirement allegedly rendered their actions lawful.  We agree.

It is clear from the record that the search was warrantless
.  This circumstance obligates us to conclude that the search was 
per se
 unreasonable.  Yet, before it can be said that the trial court erred in denying the motion to suppress, we must determine whether 
any
 exception to the warrant requirement existed and whether or not the exception was raised below.  
See Clemmer v. State
, 999 S.W.2d 903, 905 (Tex. App.–Amarillo 1998, pet. ref’d) (requiring us to uphold a decision on any ground, whether or not relied upon by the court, when the standard of review involves the abuse of discretion).  With that said, we now address those exceptions.     

Search Incident to a Lawful Arrest

Again, officers may conduct a warrantless search incident to an arrest.  Yet, the area subject to search is restricted to that within the immediate control of the 
arrestee
.  
Gauldin v. State
, 683 S.W.2d 411, 414 (Tex. Crim. App. 1984) 
overruled on other grounds 
959 S.W.2d 631 (Tex. Crim. App. 1998); 
see Rogers v. State
, 774 S.W.2d 247, 264 (Tex. Crim. App. 1989) (reiterating that “searches of a person and the area within his immediate control are excepted from the requirement of a warrant when incident to a lawful arrest”).   At bar, the only person who was undeniably under arrest at the time of the search was Singleterry, and that arrest occurred outside of the house.
(footnote: 2)  Furthermore, between Singleterry, the arresting officers, and the inside of the apartment stood a closed, locked door.  These circumstances, coupled with the lack of evidence indicating that Singleterry lived at the house or otherwise had access to it whenever he chose, hardly indicate that the area on the other side of the locked door fell within the arrestee’s immediate control.  Indeed, to suggest otherwise would be unreasonable given the record.  Thus, we cannot  hold that the search of the apartment was somehow one incident to a lawful arrest.  
 2. Automobile Exception

Next, to come within what has become known as the automobile exception, the place searched must be an automobile.  Here, however, the officers searched a home, not a car.  Given this and the greater expectations of privacy attached to one’s home, the officers could not invoke this exception to justify their warrantless search.  
 

Inventory Search

Next, like a search incident to an arrest, an inventory search cannot be conducted until an arrest has occurred.  
Jurdi v. State
, 980 S.W.2d 904, 906 (Tex. Crim. App. 1998) (stating that an “inventory search by definition is a search conducted after an arrest”).  And, as described above, the only person clearly under arrest when the search occurred was Singleterry.  Given this, the fact that the arrest occurred outside the apartment, and that a locked door stood between those involved in the arrest and the inside of the apartment, it cannot be said that an inventory search of the apartment was needed to assure the safety of Singleterry’s possessions, protect any officer’s well-being, or protect the police department against claims involving lost property.  
See Autran v. State
, 887 S.W.2d 31, 34 (Tex. Crim. App. 1994) (recognizing that the purpose of an inventory search is to protect the arrestee’s property while the arrestee is in police custody and to protect the arresting officers from harm and against claims over lost property). Therefore, searching the apartment cannot be justified as an inventory search.  
 

Plain view

As the name implies, for the plain view doctrine to apply, the contraband must be in the plain view of the officers. 
Swink v. State
, 617 S.W.2d 203 (Tex. Crim. App. 1981), 
cert. denied 
454 U.S. 1087, 102 S.Ct. 648, 70 L.Ed. 624 (1981) 
overruled on other grounds 
765 S.W.2d 422 (Tex. Crim. App. 1989).   Nothing in the record at bar, however, permits one to infer, much less conclude, that the contraband was in plain view of those outside the house (assuming, 
arguendo,
 that if it was the officers could enter same to confiscate it).  So, this exception does not apply.

Exigent Circumstances

In determining the presence of exigent circumstances, the factors considered include 1) the degree of urgency involved and the amount of time necessary to obtain a warrant, 2) the existence of a reasonable belief that contraband is about to be removed or destroyed, 3) the existence of possible danger to police officers guarding the site while a search warrant is sought, 4) the presence of evidence indicating that those possessing the contraband were aware of the police presence, 5) the ready destructibility of the evidence, and 6) the knowledge that efforts to dispose of narcotics and to escape are characteristic behavior of those engaged in the sale of narcotics.  
McNairy v. State
, 835 S.W.2d 101, 107 (Tex. Crim. App. 1991) 
quoting
, 
United States v. Rubin
, 474 F.2d 262 (3
rd
 Cir. 1973).  As can be seen, the availability of this exception depends upon the circumstances of each case.  Moreover, it is not enough to merely state that exigencies arose or to speculate on their existence.  Rather, the totality of the circumstances particular to each case must permit one to reasonably conclude that exigencies were present.  

Here, the evidence of purported exigencies is negligible, at best.  For instance, no one testified at the suppression hearing about the amount of time needed to obtain a warrant or that any delay inherent in obtaining a warrant exposed the officers to danger.  Indeed, evidence upon which one could conclude that the officers held either an objective or subjective belief that those inside the apartment possessed weapons appears nowhere in the record.  Nor did any officer testify about possessing such a belief.  

Similarly absent is any evidence suggesting that the officers believed or had reason to believe that other drugs, susceptible to destruction, were in the apartment.  No evidence appears of record suggesting that other transactions occurred from the premises.  Nor did any officer testify about his experience, if any, regarding the locale at which a drug dealer maintains his contraband.  And, to conclude that other contraband was present at the apartment simply because drugs were sold from there 
on one occasion
 would be  bordering on speculation.  Our surmises about what a dealer would normally do cannot fill the void left by missing testimony of an officer on the subject.  

      Next, the evidence of record illustrates that the apartment had a front and back door.  Yet, both were under the observation of one or more of the eight officers present at the scene.  Given this, any supposition that the occupants could have escaped while a warrant was obtained would be highly suspect.        

Next, save for the evidence that eight officers were involved in the arrest outside the apartment, nothing illustrates that the occupants were aware of either the officers or the arrest.  Indeed, whether the apartment was on the first story of the complex or second (assuming it had a second), whether the officers created a perceptible amount of noise in making the bust, whether the bust occurred at a locale which could be seen from the apartment, whether or not Singleterry had walked any substantive distance from the apartment before the arrest transpired, and whether the occupants did anything to indicate that they knew of the events unfolding somewhere in the vicinity of the apartment are all topics which go untouched by the evidence of record.   And, while we could speculate on the matter given our experience of like cases, our speculations would be just that-- speculation.    

In sum, all that is before us is a drug transaction occurring at an apartment and an arrest by approximately eight officers somewhere outside the apartment.  From this bit of evidence one could not reasonably infer that exigent circumstances existed justifying a warrantless entry into the apartment.

Consent

As for consent, evidence appears indicating that appellant informed the officers that they could search the premises.  Yet, that acquiescence came 
after
 1) the locked door of the apartment was “kicked . . . in” and 2) eight officers (some wearing masks) entered with guns drawn, searched the entire abode for suspects, and, as a result of the initial search, saw evidence of drugs and money in plain view.  Kicking in the door hardly evinces prior consent to enter the home.  Nor does acquiescing to a search immediately after officers who brandished firearms had just completed a non-consensual search of the abode constitute sufficient evidence upon which one could reasonably conclude that appellant consented to a search of her home.
(footnote: 3)  This is especially so in view of the testimony by both the State’s only witness and appellant that appellant was “scared” when asked to give consent.

While consent may cleanse a violation of Fourth Amendment rights of taint, it does not do so in every case.  Only when the consent is voluntary and obtained free from the exploitation of the unlawful act does it carry any cleansing effect.  
Samuel v. State
, 895 S.W.2d 487, 489-90 (Tex. App.--Austin 1995, no pet.), 
quoting
 3 Wayne R. LaFave,
 Search and Seizure
 § 8.2(d) (2d ed. 1987).  Consent obtained from an undeniably “scared” person immediately after a non-consensual entry and search of that person’s abode by numerous masked and armed law enforcement personnel is neither voluntary nor free from exploitation of an unlawful act.
(footnote: 4)  Any conclusion otherwise would fall outside the zone of reasonable disagreement.  So, we are unable to conclude that evidence of record exists which would support a finding that consent to search legitimized the officers’ conduct.

Gutierrez’s Arrest

As mentioned above, evidence of record reveals that Gutierrez was arrested at one time or another.  Yet, he was inside the house when the officers 1) entered, 2) conducted their initial cursory search for suspects, 3) saw evidence of contraband in plain view, and 4) apprehended him.  Thus, the fact remains that before we can say the search of the apartment was valid they had to have legitimately entered same.  And, to the extent that the entry cannot be legitimized as to appellant it cannot be legitimized as to Gutierrez save for one possible instance.   

Article 14.01 of the Texas Code of Criminal Procedure entitles an officer to perform a warrantless arrest when the offense occurred in his presence.  
Tex. Code Crim. Proc.
 art. 14.01 (Vernon 1977).  Furthermore, some evidence appears of record which would support a finding that the drug transaction at bar occurred in the presence of the officers at bar.  Yet, another portion of the Code of Criminal Procedure prohibits officers from entering a residence to make a warrantless arrest, except in two situations.  
Id.
 at art. 14.05 (Vernon’s Supp. 2000).
(footnote: 5)  Those two exceptions involve consent to enter the home and the presence of exigent circumstances.  
Id.
 at art. 14.05(1) & (2).  And, with regard to those two exceptions, we have discussed above there was neither 1) consent to enter (
i.e.
, the officers kicked in the locked door), nor 2) exigent circumstances.  Therefore, article 14.01 is inapposite.

   In sum, no exception to the need for a warrant finds support in the abbreviated record before us.  Thus, the search was 
per se
 unreasonable and the court erred in denying appellant’s motion to suppress.  Furthermore, and aside from the evidence the trial court refused to suppress, nothing appears of record enabling us to hold that the State could have proved appellant’s guilt beyond reasonable doubt.  Given this, we must conclude that the error was harmful regardless of what section of Texas Rule of Appellate Procedure 44 applies.

Accordingly, we reverse the judgment and order denying appellant’s motion to suppress and remand the cause for further proceedings.

Brian Quinn

   Justice

 

Do not publish.

FOOTNOTES
1:
1 
Although she mentioned both the state and federal constitutions, appellant did not argue that the rights afforded under each differed.  Thus, we treat them as providing identical relief for purposes of this appeal.  
Jones v. State
, 949 S.W.2d 509, 514 (Tex. App.--Fort Worth 1997, no pet.).

2:
2
Appellant was not arrested until sometime after the officers conducted the search and left the premises.  Furthermore, Gutierrez was arrested, but the record is unclear as to when.  That is, the record fails to reveal whether the arrest occurred before or after the search.  Nonetheless, we assess the effect, if any, of Gutierrez’s arrest on the legitimacy of the search assuming, 
arguendo,
 that it occurred before the search.  

3:
3
The trial court chose not to consider the issue of consent although it was raised below.  This was so because it concluded that there existed probable cause to either arrest those occupying the apartment or to search the apartment.  Yet, as discussed 
supra
, probable cause alone does not justify a search.  Nor does it permit an officer to enter a home to make a warrantless arrest. 
 Tex. Code Crim. Proc. Ann. 
art. 14.05 (Vernon Supp. 2000) (stating that an officer cannot enter a residence to make a warrantless arrest unless exigent circumstances exist or the occupants consent).  And, to the extent that a warrantless arrest could have been made had exigent circumstances arose or those within the apartment consented, our discussion in the text of this opinion supports the presence of neither exception.

4:
4
Unlike the circumstances in 
Reasor v. State
, 12 S.W.3d 813 (Tex. Crim. App. 2000), the State’s witness testified that the officers noticed the contraband during their initial sweep of the house and before consent to search was solicited.  Similarly absent here is evidence that appellant escorted the officers through the house as they continued to remind him of his 
Miranda
 rights.  Rather, our appellant was presented with a fait accompli.  That is, after conducting their sweep, the officers told her that they noticed contraband inside the house and indicated that they could and would get a search warrant and conduct a further search unless she consented.  From this, one could reason that the officers intended to remain uninvited guests in the home until the warrant was secured.  These circumstances evince a lack of actual choice and a capitulation to an obvious show of authority on the part of appellant as opposed to a voluntary selection of alternatives.

5:
5
This provision restricts the authority given police officers under article 14.01.  
Johnson v. State
, 846 S.W.2d 373, 378 (Tex. App.--Houston [14
th
 Dist.] 1992, no pet).