**Jose Daniel DeLEON, Jr., Appellant**

v.

**The STATE of Texas, Appellee**

No. 04–98–00139–CR.

Court of Appeals of Texas,
San Antonio.

Oct. 30, 1998.

Jimmy Parks, Phillips & Parks, San Antonio, for Appellant.

W.C. Kirkendall, District Attorney, Frank Follis, Assistant District Attorney, Seguin, for Appellee.

Before LÓPEZ, GREEN, and DUNCAN, JJ.

LÓPEZ, Justice.

Jose Daniel DeLeon, Jr. was arrested and charged with possessing 77 pounds of marijuana. The trial court denied DeLeon's motion to suppress. Subsequently, DeLeon entered into a plea agreement with the State and was sentenced to 10 years confinement. In this appeal, DeLeon raises four issues, each claiming the trial court erred in denying the motion to suppress, to challenge his conviction.

### Consent to Search

In his first issue, DeLeon contends that the trial court erred in denying the

motion to suppress the seized marijuana and the statement given because the consent obtained to search DeLeon's vehicle was invalid. Specifically, DeLeon complains that the state trooper had no probable cause for the search, just a suspicion based solely on the fact that DeLeon was from Laredo, Texas and traveling to Houston. DeLeon also complains he did not believe, nor was he ever told, that he would have been free to walk away, but that the vehicle was going to stay put until it was completely searched by a drug dog.

■ The standard for examining the trial court's ruling on a motion to suppress evidence is reviewed for an abuse of discretion. *See Alvarado v. State*, 853 S.W.2d 17, 23 (Tex.Crim.App.1993). The trial court is given broad discretion in determining preliminary questions regarding the admissibility of evidence. *See* TEX. R. EVID.104(a) (stating that preliminary questions concerning the admissibility of evidence "shall be determined by the court" and that the court "is not bound by the rules of evidence."); *McVickers v. State*, 874 S.W.2d 662, 664 (Tex. Crim.App.1993). The rules of evidence, however, apply in hearings on motions to suppress evidence. *See McVickers*, 874 S.W.2d at 666. The court's ruling on the admission or exclusion of evidence will not be disturbed unless the record clearly shows an abuse of discretion. *See Maddox v. State*, 682 S.W.2d 563, 564 (Tex.Crim.App.1985). The trial court is the sole trier of fact on a motion to suppress and may believe or disbelieve all or any of a witness's testimony. *See Arnold v. State*, 873 S.W.2d 27, 34 (Tex.Crim.App. 1993), *cert. denied*, 513 U.S. 830, 115 S.Ct. 103, 130 L.Ed.2d 51 (1994). An appellate court is not at liberty to disturb any finding that is supported by the record. *See id.* In determining whether a trial court's overruling of a motion to suppress is supported by the record, an appellate court should consider only the evidence adduced at the hearing on that motion. *See Hardesty v. State*, 667 S.W.2d 130, 133 n. 6 (Tex.Crim.App.1984) (highlighting rule applicable in consideration of pretrial motions). When reviewing such a ruling, the appellate court views the evidence in the light most favorable to the trial court's ruling. *See Freeman v. State*, 723 S.W.2d 727, 729 (Tex.Crim.App.1986). Because the trial court denied DeLeon's motion to suppress, we must view the evidence in a light most favorable to the State.

■ In the instant case, DeLeon complains that the consent obtained by the state trooper to search the tool box was invalid and that the state trooper had no probable cause to search the vehicle. A search and seizure conducted pursuant to consent is an exception to the warrant and probable cause requirements of the Fourth Amendment to the United States Constitution and Article 1, § 9 of the Texas Constitution. *See Schneckloth v. Bustamonte*, 412 U.S. 218, 219, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973); *Meeks v. State*, 692 S.W.2d 504, 509 (Tex.Crim.App. 1985). The basis for this exception which permits a search or seizure without a warrant is that a person who consents to a search or seizure waives his or her constitutional right to be free of unreasonable searches and seizures. *See Meeks*, 692 S.W.2d at 509. Because consent to a search or seizure may not be lightly inferred, the State has the burden of proving to the trial court by clear and convincing evidence that positive and unequivocal consent was given. *See State v. Ibarra*, 953 S.W.2d 242, 245 (Tex.Crim.App.1997).

■ The record indicates that when DeLeon had been pulled over for a window tint violation, the state trooper testified that DeLeon's demeanor and attitude were cordial and that he did not arouse any suspicions. The state trooper admitted that he had no probable cause for a search, but indicated that out of approximately two hundred tickets that he had previously issued for a window tint, he had asked one hundred people to give him consent to search their vehicle. The record reflects that the state trooper asked DeLeon for consent to search the tool box. DeLeon gave consent and agreed to allow the state trooper to look inside the tool box. The state trooper testified that although he never told appellant, DeLeon would have been free to walk away. However, it is not necessary for police officers to advise detainees they are free to go before consent can be deemed voluntary. *See Ohio*

v. Robinette, 519 U.S. 33, 117 S.Ct. 417, 420, 136 L.Ed.2d 347 (1996); State v. Washington, 949 S.W.2d 354, 356 (Tex.App.—Tyler 1997, no pet.). In this case, the consent given by DeLeon is clear and convincing. Both appellant and the state trooper testified that DeLeon gave consent for the state trooper to search the tool box. Therefore, the consent given was valid. Because the consent given by DeLeon was valid, this issue is overruled.

## The Scope of Consent

■ In his second issue, DeLeon complains that the trial court erred in denying his motion to suppress because the search conducted by the state troopers exceeded the scope of the consent given. Specifically, DeLeon contends that the taking apart of the tool box where the marijuana was found far exceeded the scope of any consent that was given. Furthermore, DeLeon's testimony at the suppression hearing indicates that appellant did not give anyone permission to take any tools out of his tool box, nor did he give anyone permission to tear up his tool box.

■ The scope of consent is limited by the particular consent obtained and is defined or delimited generally by the expressed object of the search for which consent is requested. See Florida v. Jimeno, 500 U.S. 248, 251, 111 S.Ct. 1801, 114 L.Ed.2d 297 (1991); Dean v. State, 938 S.W.2d 764, 769–70 (Tex.App.—Houston [14th Dist.] 1997, no pet.). The standard for measuring the scope of consent is that of objective reasonableness—what would the typical reasonable person have understood by the exchange between the officer and the individual. See Jimeno, 500 U.S. at 251, 111 S.Ct. 1801; Cardenas v. State, 857 S.W.2d 707, 710 (Tex.App.—Houston [14th Dist.] 1993, pet. ref'd). Whether consent to search was voluntary is a question of fact to be determined from the totality of the circumstances. See Fancher v. State, 659 S.W.2d 836, 839 (Tex.Crim.App.1983); Peterson v. State, 727 S.W.2d 125, 126 (Tex.App.—San Antonio 1987, no pet.).

In the instant case, the record indicates that after DeLeon gave his valid consent to search the tool box, the state trooper looked inside the tool box and noticed a six to eight inch gap between the floor of the tool box and the bed of the truck. The officer then gave DeLeon the choice of either pulling out all of the tools in the tool box in an attempt to look under it, or have a drug dog come out. DeLeon chose the drug dog. The officers did not start taking the tool box apart, as appellant claims, but waited for the drug dog. When the drug dog arrived, the dog was alerted to the base of the tool box and showed interest when the officer opened the tool box. After the dog was alerted, the officers removed most of the tools. The officers then pushed aside a steel plate and noticed some objects inside. The record indicates the dog put his nose on the seam of the steal plate and began scratching on that, which indicates the final response to the alert. After the drug dog gave the final alert, the officers removed the steel plate and found the wrapped packages of marijuana.

In this case, the scope of consent that DeLeon gave was limited to the particular consent obtained by the state trooper, which was to search the tool box. The six-inch gap between the bottom of the tool box and the bed of the truck constituted a part of the tool box. The officer testified that the tool box extended from above the rails of the truck down to the floor bed of the truck. However, upon looking inside the tool box, the officer noted that there was a six-inch gap between the bottom of the tool box and the floor bed of the truck. A reasonable person would have understood the exchange between the officer and the appellant to be consent given to search the entire tool box. Considering the totality of the circumstances, since the consent of the search was limited to the entirety of the tool box, this search did not go outside the scope of consent. Because the search of the tool box did not go outside the scope of consent, this issue is overruled.

## Probable Cause to Search

■ In his third issue, DeLeon complains that the trial court erred in denying his motion to suppress because there was no warrant obtained for the containers located below the tool box. DeLeon cites to United States v. Ross, 456 U.S. 798, 102 S.Ct. 2157,

72 L.Ed.2d 572 (1982), and contends that the *Ross* case does not give a police officer carte blanche to search any and all containers within the confines of a vehicle. *Ross* holds that the officers may seize the container but must then obtain a warrant to search it. The instant case, however, is distinguished from *Ross.* The 10 bundles of marijuana that were wrapped in silver tape were not in a separate container, but were sitting underneath the metal plate inside the tool box. Once the drug dog was alerted to the tool box, the state had probable cause to search it. *See Florida v. Royer,* 460 U.S. 491, 506, 103 S.Ct. 1319, 75 L.Ed.2d 229 (1983); *Glenn v. State,* 967 S.W.2d 467, 472 (Tex.App.—Amarillo 1998, pet. granted). Because no warrant was needed and the marijuana was not in a separate container, this issue is overruled.

### The Traffic Offense

■ In his fourth issue, DeLeon complains that the trial court erred in denying his motion to suppress because the state trooper who made the traffic stop did not testify to facts sufficient to establish a traffic offense. DeLeon contends that because there was no suspicious activity on the part of the vehicle or its occupants, there must be evidence to show that appellant's vehicle was registered in Texas and that it was a model year 1988 or later—to have committed the offense of a window tint violation. *See* TEX TRANSP. CODE ANN. § 547.613 (Vernon Supp. 1998). DeLeon mistakenly complains that there is no evidence to show where appellant's motor vehicle was registered and whether it was a model year 1988 or later. However, DeLeon introduced into evidence two documents from the state trooper's file as Defendant's Exhibit 1 and 2. Between them, the documents show that DeLeon's vehicle was a 1990 Ford with a Texas Registration of LZ5521. The state trooper also described the vehicle as a 1990 Ford in his testimony. Because the evidence shows the establishment of a traffic offense, this issue is overruled.

Having overruled each of DeLeon's issues, we affirm the judgment of the trial court.