The STATE of Texas, Appellant,

v.

Michael Robert CLEMMER, Appellee.

No. 07–97–0298–CR.

Court of Appeals of Texas, Amarillo.

Sept. 1, 1999.

---

Elizabeth D. Branch, Seguin, for appellant.

George Allen Scharmen, II, San Antonio, for appellee.

Before QUINN and REAVIS and JOHNSON, JJ.

QUINN, Justice.

The State of Texas (appellant) appeals from an order granting Michael Robert Clemmer's (appellee) motion to suppress evidence in a prosecution for driving while intoxicated (DWI). It argues, via its sole ground, that the trial court erred in basing its decision on the doctrine of collateral estoppel. We reverse.

### Background

Appellee was arrested for DWI and was requested to give a breath specimen to test for the presence of alcohol in his blood stream. Following his refusal to give such a specimen, the Department of Public Safety petitioned for the administrative suspension of his driver's license. TEX. TRANSP. CODE ANN. § 524.001 *et seq.* (Vernon 1999). An evidentiary hearing was held after which the administrative law judge refused to suspend appellee's license, finding that there was no probable cause to arrest him for DWI. No appeal was taken from that decision.

In addition to facing license revocation, appellee was also charged with DWI in the County Court at Law of Guadalupe County. He filed two motions to suppress which were identical insofar as they alleged he was arrested without a warrant nor probable cause. So too did he specifically allege in the first motion that the ruling of the administrative law judge col-

laterally estopped the State from relitigating the issue of probable cause to arrest in the criminal prosecution. The first motion was initially denied. Following an evidentiary hearing held some two months later, the second motion, alleging only lack of probable cause, was also denied. Approximately three months after that, the trial court reconsidered, and granted, the first motion.

In granting the first motion from the bench, the trial court made clear that it was basing its decision on the theory of collateral estoppel. This rationale was reflected in the written order subsequently entered. However, on the day following entry of the order, the trial court signed a *nunc pro tunc* order which removed all references to collateral estoppel. The *nunc pro tunc* order simply referred to a June 18, 1997 hearing conducted on the first motion, "set aside" the order executed the previous day granting the motion, and stated that the motion would be "granted as of June 18, 1997."[1] No one requested findings of fact and conclusions of law.

The State now questions the propriety of the trial court's action. Although the State briefed the question of whether collateral estoppel truly barred relitigation of the probable cause issue, it did so without ever presenting an issue or point of error as required by Rule of Appellate Procedure 38.1(e). Nonetheless, given that the State clearly expressed the error alleged, the authority relied upon, and the relief sought, we will address its contention.

### Standard of Review

■ We review a decision on a motion to suppress under an abuse of discretion standard. *LaSalle v. State*, 923 S.W.2d 819, 823 (Tex.App.—Amarillo 1996, pet.

ref'd). Though questions of law are subject to unfettered *de novo* review, the same is not necessarily true with regard to mixed questions of law and fact. That is, the application of law to fact is a mixed question of law and fact. *Guzman v. State*, 955 S.W.2d 85, 89 (Tex.Crim.App. 1997). Furthermore, when the resolution of the ultimate question turns on an evaluation of the credibility and demeanor of the witnesses, then we afford almost total deference to the manner in which the trial court applied the law to facts before it.[2] *Id.* In all other situations, we review *de novo* the manner in which the law is applied. *Id.*

■ Two other aspects of the standard of review warrant comment. The first pertains to the foundation of the decision rendered below and requires us to forego disturbing that decision if it can be upheld as correct under any applicable legal theory. *Calloway v. State*, 743 S.W.2d 645, 652 (Tex.Crim.App.1988). That the theory may not have been previously asserted matters not as long as it justifies the determination. *State v. Subke*, 918 S.W.2d 11, 14 (Tex.App.—Dallas 1995, pet. ref'd). The second concerns the effect of the trial court's failure to support its decision via findings of fact and conclusions of law. If same are not executed and resolution of the ultimate question turns on an evaluation of credibility and demeanor, we presume "the trial court made findings necessary to support its ruling so long as those implied findings are supported by the record." *Josey v. State*, 981 S.W.2d 831, 837 (Tex.App.—Houston [14th Dist.] 1998, pet. ref'd). Stated differently, we "view the evidence in the light most favorable to the trial courts [sic] . . . ruling. . . ." *Quinn v. State*, 958 S.W.2d 395, 401–402 (Tex.Crim.App.1997).

---

**1.** The *nunc pro tunc* order is dated July 2, 1997.

**2.** The same deference is afforded the trial court's determination of the historical facts involved. *Guzman v. State*, 955 S.W.2d 85, 89 (Tex.Crim.App.1997).

## Application of Standard

The State posits that the trial court erred in applying the doctrine of collateral estoppel, thereby precluding it from establishing probable cause vis-a-vis the DWI prosecution. We agree.

At the time of the trial court's ruling, the collateral estoppel effect of an administrative license revocation proceeding on a subsequent prosecution was unclear. That is no longer true. In *State v. Brabson*, 976 S.W.2d 182 (Tex.Crim.App.1998), the Court held that it has none. Despite its rather dubious logic, Brabson controls the disposition of the State's allegation at bar. So too does it compel us to hold that the doctrine of collateral estoppel could not have prevented the trial court from relitigating the matter of probable cause.

Appellee would have us not stop here but continue our analysis of this particular case, however. He contends that the court's ruling could be upheld on an alternative ground, that ground being proof of the absence of probable cause. This is so because both collateral estoppel and the absence of probable cause were mentioned in the first motion to suppress. While that may be true, it does not alter our decision. This is so because the trial court expressly acted vis the motion it heard on June 18, 1997. Furthermore, it is clear from the record that the only topic of discussion on June 18 concerned the doctrine of collateral estoppel. No one presented evidence concerning the basis upon which the police officers arrested appellee or the circumstances which induced the officers to act. While such evidence may have been developed at the March 26, 1997 hearing on the second suppression motion, no one proffered that evidence into the record developed at the June 18th hearing. No one asked the court to take judicial notice of the evidence received at the March 26th hearing. Nothing indicates that the trial court took judicial notice, sua sponte, of any such evidence. Nor does anything suggest that the court considered the June 18th hearing on the first suppression motion as a continuation of the March 26th proceeding on the second motion.

Again, all it had before it and received at the June 18th hearing was argument and evidence concerning the matter of collateral estoppel. Given this, we cannot say the record upon which its decision was based contained evidence which could have allowed it to factually conclude, irrespective of the issue of collateral estoppel, that the police officers lacked probable cause to arrest appellee. And, because we are required to act solely upon the record before the trial court at the time it made the decision complained of, *DeLeon v. State*, 985 S.W.2d 117, 119 (Tex.App.—San Antonio 1998, pet. ref'd), we have before us no alternate ground upon which to affirm the ruling in question.

Accordingly, the order granting the motion to suppress is reversed and the cause is remanded for further proceedings.