NO. 07-00-0005-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JANUARY 17, 2000

______________________________

REYNALDO RENE GOMEZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE 64
TH
 DISTRICT COURT OF HALE COUNTY;

NO. A13471-9907; HONORABLE JACK R. MILLER, JUDGE

_______________________________

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

Appellant Reynaldo Rene Gomez appeals from his conviction and sentence of two years confinement in the Institutional Division of the Texas Department of Criminal Justice for driving while intoxicated.  Appellant pled guilty following the trial court’s overruling of his motion to suppress evidence acquired as a result of an investigatory detention of the vehicle he was driving.  He urges that the officer who detained his vehicle did not have sufficient articulable facts on which to base the investigatory stop, and that the trial court erred in overruling his motion to suppress.  We affirm.

I.  BACKGROUND

The record of the suppression hearing reflects that at approximately 2:45 a.m. on Sunday morning, June 20, 1999, Officer Hank Beverage (Beverage) observed appellant’s vehicle as appellant was approaching the 1100 block of South Columbia Street in Plainview, Texas.  As appellant turned left onto West 11th
 Street from Columbia Street, Beverage followed him.  As Beverage traveled behind appellant, he saw appellant’s vehicle drive onto
(footnote: 1) the solid yellow line separating the east and westbound traffic lanes.  Beverage did not stop appellant at that time and continued following him.  Appellant made a wide right turn onto Broadway, and Beverage then turned on his flashing lights and initiated a traffic stop.  Appellant’s vehicle touched the yellow line on Broadway and traveled an additional one-half block before stopping.  When Beverage approached appellant’s vehicle, he smelled alcohol on appellant’s breath and noticed that appellant had bloodshot eyes and very slurred speech.  Appellant failed a field sobriety test and was arrested for driving while intoxicated.

II.  LAW

A.  Standard of Review

Generally, a trial court’s ruling on a motion to suppress is reviewed by an abuse of discretion standard.  
See
 
Maddox v. State
, 682 S.W.2d 563, 564 (Tex.Crim.App. 1985).  Whether the trial court abused its discretion depends upon whether, given the record and the law, its decision fell outside the zone of reasonable disagreement.  
Benitez v. State
, 5 S.W.3d 915, 918 (Tex.App.--Amarillo 1999, pet. ref’d).  We must uphold the trial court’s decision on any grounds, whether or not relied upon by the trial court, when the standard of review is abuse of discretion.  
Clemmer v. State
, 999 S.W.2d 903, 905 (Tex.App.--Amarillo 1999, pet. ref’d).

In reviewing trial court rulings on matters such as motions to suppress, appellate courts afford almost total deference to trial court determinations of historical facts and to decisions involving mixed questions of law and fact if the resolution of those questions depends on an evaluation of credibility and demeanor.  
Guzman v. State
, 955 S.W.2d 85, 89 (Tex.Crim.App. 1997).  Mixed questions of law and fact not dependent on evaluation of credibility and demeanor are reviewed 
de novo
.  
Id
.  

Detention and reasonable suspicion are by nature legal concepts and are properly subject to 
de novo
 review.  
Hunter v. State
, 955 S.W.2d 102, 107 (Tex.Crim.App. 1997); 
Sanders v. State
, 992 S.W.2d 742, 744 (Tex.App.--Amarillo 1999, pet. ref’d).  Accordingly, for purposes of Fourth Amendment analysis we give appropriate deference to the trial court’s determination of historical facts, but we review the decision of the trial court 
de novo 
as to whether the historical facts, viewed from the standpoint of an objectively reasonable person so situated as was the police officer, amount to “reasonable suspicion” sufficient to justify an investigatory detention.  
Ornelas v. United States
, 517 U.S. 690, 697-99, 116 S.Ct. 1657, 1661-62, 134 L.Ed.2d 911 (1996); 
Guzman
, 955 S.W.2d at 89. 

B.  Investigatory Detention

Texas courts follow the guidance of the United States Supreme Court when interpreting the federal constitution and the rights thereunder.  
State v. Guzman
, 959 S.W.2d 631, 633 (Tex.Crim.App. 1998).  The Fourth Amendment to the United States Constitution protects persons from unreasonable searches and seizures.  
Elkins v. United States
, 364 U.S. 206, 222, 80 S.Ct. 1437, 1446, 4 L.Ed.2d 1669 (1960); 
Davis v. State
, 947 S.W.2d 240, 242 (Tex.Crim.App. 1997).  The Fourth Amendment standard for judging the reasonableness of a search or seizure is an objective standard based upon the record presented.  
See
 
Ornelas
, 517 U.S. 690, 116 S.Ct. at 1661-62. 

Whether the conduct which results in an investigatory detention is criminal or innocent is not the relevant inquiry.  
United States v. Sokolow
, 490 U.S. 1, 10, 109 S.Ct. 1581, 1587, 104 L.Ed. 1 (1989).  The circumstances underlying a properly limited detention are not required to reach the level of probable cause to arrest or to search for contraband or evidence of crime.  
United States v. Brignoni-Ponce
, 422 U.S. 873, 881, 95 S.Ct. 2574, 2580, 45 L.Ed.2d 607 (1975).

An investigatory stop of a vehicle or person by the police does not violate the Fourth Amendment if articulable facts support a reasonable suspicion that the vehicle or person stopped has been or is involved in criminal activity.  
United States v. Cortez
, 449 U.S. 411, 421-22, 101 S.Ct. 690, 697, 66 L.Ed.2d 621 (1981); 
Brignoni-Ponce
, 422 U.S. at 881, 95 S.Ct. at 2580; 
Sanders
, 992 S.W.2d at 748-49.   A “reasonable suspicion” exists if a reasonable person in the position of the officer making the stop, with the training and experience of the officer, and with the knowledge possessed by the officer, could suspect that the vehicle or person stopped has been or is connected to criminal activity.  
Cortez
, 449 U.S. at 421-22, 101 S.Ct. at 697; 
Sanders
, 992 S.W.2d at 748-49.  The subjective thoughts and intentions of the officer making the stop are not determinative of whether articulable facts support a reasonable suspicion.  
Whren v. United States
, 517 U.S. 806, 813, 116 S.Ct. 1769, 1774, 135 L.Ed.2d 89 (1996).  
The Fourth Amendment’s concern with “reasonableness” allows certain actions to be taken in certain circumstances, 
whatever
  the subjective intent of the officers involved.  
Whren
, 517 U.S. at 814, 116 S.Ct. at 1775. 

III.  ANALYSIS

In determining whether appellant’s detention was in violation of the Fourth Amendment standard of reasonableness, we look objectively at the facts known by Beverage prior to his stop of appellant’s vehicle.  Although the record contains testimony by Beverage of his subjective beliefs and intent, the legality of the investigatory stop is not dependent on the subjective mindset of the detaining officer in deciding to stop appellant’s vehicle.  
Whren
, 517 U.S. at 812-13, 116 S.Ct. at 1772-74.

Appellant contends that Beverage was not justified in stopping him because it is not illegal to “hit or even cross the double yellow line, only to fail to maintain the lane line.”  Appellant further contends that it is not illegal to make a wide right turn, considering that he was driving a larger vehicle
(footnote: 2) and there were parallel parking spaces on the right-hand side of Broadway Street.  Appellant also directs us to Beverage’s testimony, where Beverage admits that he did not stop appellant solely because he violated traffic laws.  Beverage testified, “The sole reason--the reason I stopped him, I followed him to begin with is because after I observed him crossing, or hitting, the yellow line, and stuff, I believed that he was intoxicated and I was looking for clues to find out if he was intoxicated or not, or just a poor driver.”  Appellant notes that the trial court’s motion to suppress order reflects that Beverage’s reliance upon traffic violations was based upon a misunderstanding of the law.  Nevertheless, the trial court ruled that Beverage had reasonable suspicion to stop appellant.

Beverage was an experienced Plainview, Texas, law officer.  His suspicions were aroused by the movements of appellant’s vehicle on the roadway at 2:45 a.m. on Sunday morning.  Beverage did not immediately detain appellant’s vehicle, but followed it to investigate further whether the driver was just a poor driver, or whether the driver might be intoxicated.  Then, based on the fact that appellant’s vehicle “hit” the yellow line separating traffic lanes, and within a short distance made a wide right turn, Beverage’s suspicions ripened, and he initiated an investigatory traffic stop.  

Given the circumstances known to Beverage and our required deference to the trial court’s implied findings in resolving the conflicting testimony, we conclude that a police officer in the position of Beverage could have reasonably suspected that the driving abilities of the driver of appellant’s vehicle were impaired by some substance.   
Cortez
, 449 U.S. at 421-22, 101 S. Ct. at 697; 
Sanders
, 992 S.W.2d at 748-49.  Thus, reasonable suspicion existed for Beverage to stop appellant’s vehicle to investigate.  The trial court did not abuse its discretion in denying appellant’s motion to suppress.  

Appellant’s sole issue is overruled.  The judgment of the trial court is affirmed.

Phil Johnson

    Justice

Boyd, C.J., dissenting.

Do not publish.

FOOTNOTES
1:
Officer Beverage testified during direct examination that appellant crossed over the yellow line.  Beverage also testified that appellant “hit” the yellow line.  During cross-examination, Beverage again testified that appellant “hit” the yellow line, as evidenced by the summary of the incident contained in his police report, which was received into evidence.  

2:
Appellant was driving a 1987 Cadillac automobile.