NO. 07-08-0149-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



APRIL 3, 2009



______________________________





VERNON R. LOVE, APPELLANT



v.



THE STATE OF TEXAS, APPELLEE



_________________________________



FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;



NO. 2007-417,543; HON. BRYAN POFF, PRESIDING



_______________________________



Before QUINN, C.J., and HANCOCK and PIRTLE, JJ. 
MEMORANDUM OPINION
          Appellant, Vernon R. Love, was indicted for possession of a controlled substance,
cocaine, in an amount of less than one gram, enhanced by two prior felony convictions. 
A jury found appellant guilty of the indicted offense and the State waived the enhancement
paragraphs. Thereafter, the jury sentenced appellant to 18 months in a State Jail Facility. 
Appellant appeals the judgment of the trial court alleging errors in the denial of his motion
to suppress, in refusing to give a charge pursuant to article 38.23 of the Texas Code of
Criminal Procedure,


 and due to ineffective assistance of counsel. We affirm.
Factual and Procedural Background
          In the early morning hours of August 4, 2007, appellant and a female companion
were detained by a City of Lubbock Police Officer after they had been observed crossing
Ave. Q in the vicinity of the intersection of Ave. Q and 19th street. Appellant was unable
to provide any identification. Upon being questioned about his date of birth, appellant gave
a date of birth that was inconsistent with the age he provided the officer. Appellant was
then detained by the officer while the identification data was verified. As a result of this
detention, appellant was handcuffed and placed in the back of a police car. While placing
appellant in the back of the patrol car, the officer removed a scarf from appellant’s head.


 
Upon verifying some personal data that appellant gave to the officer, appellant was being
released when the officer noticed a wax paper packet stuck to the hair on the back of
appellant’s head. Based on his experience, the officer thought that the wax paper packet
contained drug contraband, therefore, the officer again secured appellant with handcuffs. 
The packet was opened and found to contain a white powdery substance and appellant
was then arrested for possession of a controlled substance. 
 
          As a result of the seizure of the wax paper packet, appellant was subsequently
indicted for possession of a controlled substance, cocaine, in an amount of less than one
gram. Prior to trial, a hearing was held on appellant’s motion to suppress the evidence. 
The trial court denied the motion and the trial proceeded. When the contents of the wax
paper packet were offered into evidence, appellant’s counsel stated, “No objection.” At the
conclusion of the trial and before the court’s charge was read to the jury, appellant
requested an instruction pursuant to article 38.23. The trial court denied the request and
the jury convicted appellant of possession of a controlled substance, cocaine, in an amount
of less than one gram. The same jury sentenced appellant to 18 months in a State Jail
Facility. Through three primary issues, appellant contends that 1) the trial court erred in
refusing to suppress the cocaine, 2) the trial court erred in refusing to give the requested
instruction, and 3) if appellant’s counsel waived any error by not objecting to the
introduction of the cocaine, such waiver constituted ineffective assistance of counsel.
Motion to Suppress
          The central question regarding the motion to suppress concerns whether appellant’s
issue has been preserved for appeal. The record reflects that the motion to suppress was
heard after voir dire but before the evidence was presented to the jury. After holding a
hearing on the motion to suppress, the trial court denied the motion and the trial
proceeded. When State’s exhibits 1 and 1A


 were offered into evidence, appellant’s trial 
counsel stated, “No objection, your honor.” The exhibits were then admitted into evidence.
          Appellant urges that the actions of trial counsel were not a waiver of his objection
to the alleged unlawful seizure of the cocaine. This is so, according to appellant, because
the “no objection” statement only covered the physical evidence and not the prior testimony
relating to it. However, appellant’s position is untenable for two reasons. First, appellant
has offered no case law supporting his proposition and we have found none. Second, the
Texas Court of Criminal Appeals has stated that, “A defendant who affirmatively states, ‘No
objection,’ when evidence is offered, waives his right to complain on appeal that the
evidence was, as a matter of law, illegally obtained under Article 38.23.” Holmes v. State,
248 S.W.3d 194, 196 (Tex.Crim.App. 2008). See Dean v. State, 749 S.W.2d 80, 83
(Tex.Crim.App. 1988). Because appellant waived his right to complain that the evidence
was, as a matter of law, illegally obtained, we overrule appellant’s contention that the trial
court erred in denying the motion to suppress.
          Further, we note that appellant did not offer the DVD of the in-car video or any other
evidence during the hearing on the motion to suppress. As a result, the only evidence on
the question of the legality of the seizure of the contraband was that of the arresting officer. 
When we are reviewing the issue of the propriety of the court’s ruling on a motion to
suppress, we apply the abuse of discretion standard. See Oles v. State, 993 S.W.2d 103,
106 (Tex.Crim.App. 1999). Whether the trial court abused its discretion depends upon
whether, given the record and the law, its decision fell outside the zone of reasonable
disagreement. See Benitez v. State, 5 S.W.3d 915, 918 (Tex.App.–Amarillo 1999, pet.
ref’d). We must uphold the trial court’s decision if it is correct on any theory of law
applicable to the case, whether or not relied upon by the trial court, when the standard of
review is abuse of discretion. See State v. Ross, 32 S.W.3d 853, 855-56 (Tex.Crim.App.
2000); State v. Clemmer, 999 S.W.2d 903, 905 (Tex.App.–Amarillo 1999, pet. ref’d). In
reviewing trial court rulings on matters such as motions to suppress, appellate courts afford
almost total deference to trial court determinations of historical facts and to decisions
involving mixed questions of law and fact if the resolution of those questions depends on
an evaluation of credibility and demeanor. Guzman v. State, 955 S.W.2d 85, 89
(Tex.Crim.App. 1997). 
          Applying these precepts to the record before us reveals that the arresting officer did,
in fact, change his testimony to provide at least two different reasons for stopping appellant
on the night in question. Two reasons were given, according to the officer, because he
realized, upon reflection, that appellant and his companion could not have been guilty of
the offense of jay-walking, as described in the initial report.


 Later, the officer realized that
where he observed appellant crossing the street was not a controlled intersection and,
therefore, appellant could not have been guilty of jay-walking, as that offense is defined. 
The officer further testified that appellant did not enter onto the sidewalk when he finished
crossing the street. Instead, appellant and his companion walked a short distance in the
gutter next to the sidewalk while approaching the officer’s vehicle. According to the officer,
this action was a violation of a traffic law. See Tex. Transp. Code Ann. § 552.006 (Vernon
Supp. 2008). The trial court had ample opportunity to observe the witness and to judge
his credibility. After making these observations, the trial court overruled appellant’s motion
to suppress. There were no findings of fact and conclusions of law entered into the record
and, therefore, we must assume that the trial court made implicit findings that support its
decision. See Ross, 32 S.W.3d at 855-56. From this testimony, the trial court could have
found that appellant walked in the street rather than the sidewalk and that it was not
impractical for appellant to walk on the sidewalk. Therefore, we must assume that the trial
court made these implied findings of fact. Thus, because the officer personally observed
a violation of the traffic laws, we conclude that the trial court’s determination that the officer
had reasonable suspicion to detain appellant was correct. Accordingly, the trial court did
not abuse its discretion in overruling appellant’s motion to suppress. Oles, 993 S.W.2d at
106.
Charge Error
          Appellant next contends that the trial court committed error when, at the conclusion
of the evidence, he requested the trial court to include a paragraph in the Court’s Charge
pursuant to article 38.23. Appellant presented a proposed paragraph to the court, which
after hearing argument by both appellant and the State, the trial court overruled.



          When reviewing alleged charge error, a reviewing court conducts what is essentially
a two-part inquiry. First, we determine whether error exits. Druery v. State, 225 S.W.3d
491, 504 (Tex.Crim.App. 2007) (citing Almanza v. State, 686 S.W.2d 157, 171
(Tex.Crim.App. 1985)). If error exists, then we review to determine whether the error
caused sufficient harm to require reversal. Id. The degree of harm required to cause
reversal depends upon whether the error was preserved. Id. Error properly preserved will
require reversal as long as the error is not harmless. Id. See Almanza, 686 S.W.2d at
171. This requirement has been held to mean that any harm, regardless of degree, is
sufficient to require reversal. See Airline v. State, 721 S.W.2d 348, 351 (Tex.Crim.App.
1986).
          In order to be entitled to a jury instruction on article 38.23(a), an appellant must
meet three requirements:
(1) The evidence heard by the jury must raise an issue of fact;

 
(2) The evidence on that fact must be affirmatively contested; and

 
(3) That contested factual issue must be material to the lawfulness of the
challenged conduct in obtaining the evidence.
 
Madden v. State, 242 S.W.3d 504, 510-12 (Tex.Crim.App. 2007). Appellant opines that
the DVD of the in-car video, which was played before the jury, sufficed to meet the
requirements set forth in Madden. Appellant’s brief contains an analysis of how the DVD
was contrary to some of the testimony of the State’s only witness. Appellant opines that
the DVD shows some water in the gutter or possibly a driveway at the point where
appellant first crossed the street. According to this theory, such evidence supports the
submission of the article 38.23(a) instruction. 
          The problem with the position of appellant is that these exact observations and
assertions are not supported by the record. At best, the officer stated during cross-examination that, if trial counsel said there was water in the gutter of the street where
appellant was walking, he would agree. However, this agreement does nothing to prove
that appellant could not get up onto the sidewalk at the time he completed crossing the
street. Nor does the record contain testimony describing any driveway that appellant had
to walk on before stepping up onto the sidewalk. Although the officer asserts that he could
have stopped appellant for violation of the Texas Transportation Code section 552.007, the
appropriate statutory reference was section 552.006. See Tex. Transp. Code Ann. §
552.006 (Vernon Supp. 2008). The missing link in appellant’s theory is that no one
testified that the water in the gutter, assuming there was water in the gutter, prevented
appellant from stepping up onto the sidewalk, as he came to the edge of the street or that
the driveway prevented appellant from going immediately onto the sidewalk. This lack of
affirmative evidence to raise the fact issue that appellant contends requires the article
38.23(a) instruction is fatal to his claim. Without some affirmative evidence to the effect
that the sidewalk adjacent to the roadway was not accessible or that he was otherwise
unable to step immediately onto the sidewalk there is no issue of fact for the jury to
resolve. Madden, 242 S.W.3d at 513. Accordingly, appellant’s issue is overruled.
Ineffective Assistance of Counsel
          Appellant next contends that he received ineffective assistance of counsel. 
Specifically, appellant states that, when trial counsel stated “No objection” to the
introduction of State’s exhibits 1 and 1A, counsel was guilty of being ineffective. 
          In determining whether counsel’s representation was so inadequate as to violate a
defendant’s Sixth Amendment right to counsel, Texas courts adhere to the two-pronged
test enunciated in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674
(1984). Hernandez v. State, 726 S.W.2d 53, 55 (Tex.Crim.App. 1986).


 Judicial review
of an ineffective assistance of counsel claim must be highly deferential to trial counsel and
avoid using hindsight to evaluate counsel’s actions. Ingham v. State, 679 S.W.2d 503, 509
(Tex.Crim.App. 1984). There is a strong presumption that counsel’s conduct fell within the
wide range of reasonable professional assistance. Strickland, 466 U.S. at 690. The
burden is on appellant to prove by a preponderance of the evidence that counsel was
ineffective. See McFarland v. State, 928 S.W.2d 482, 500 (Tex.Crim.App. 1996) (en
banc). The defendant must first prove that counsel’s performance was deficient, i.e., that
counsel’s assistance fell below an objective standard of reasonableness. McFarland, 928
S.W.2d at 500. If appellant has demonstrated deficient assistance of counsel, it is then
necessary that appellant affirmatively prove prejudice as a result of the deficient
assistance. Id. In proving prejudice, appellant must prove a reasonable probability that,
but for counsel’s errors, the result of the proceeding would have been different. A
reasonable probability is a probability sufficient to undermine confidence in the outcome. 
Hernandez, 726 S.W.2d at 55. 
          Any allegation of ineffective assistance of counsel must be firmly founded in the
record and the record must affirmatively demonstrate the alleged ineffectiveness. 
McFarland, 928 S.W.2d at 500. Failure to make the required showing of either deficient
performance or sufficient prejudice defeats the ineffectiveness claim. Id. Absent both
showings, an appellate court cannot conclude the conviction resulted from a breakdown
in the adversarial process that renders the result unreliable. Ex parte Menchaca, 854
S.W.2d 128, 131 (Tex.Crim.App. 1993). Appellate courts look to the totality of the
representation and the particular circumstances of each case in evaluating the
effectiveness of counsel. Ex parte Felton, 815 S.W.2d 733, 735 (Tex.Crim.App. 1991). 
It is possible that a single egregious error of omission or commission by appellant’s
counsel constitutes ineffective assistance. E.g., Jackson v. State, 766 S.W.2d 504, 508
(Tex.Crim.App. 1985) (modified on other grounds on remand from United States Supreme
Court in 766 S.W.2d 518 (Tex.Crim.App. 1988)).
          Applying these precepts to the case before the Court, we immediately recognize that
we have held that the motion to suppress was, in addition to being waived, properly denied
by the trial court. The effect of this holding is that, even if counsel’s conduct in waiving the
objection to the introduction of State’s Ex. 1 and 1A was deficient, even had he properly
preserved the objection, the evidence was properly admitted by the trial court. Therefore,
failing to preserve the objection could not be deficient assistance. McFarland, 928 S.W.2d
at 500. Accordingly, appellant’s final issue is overruled.
Conclusion
          Having overruled appellant’s issues, the judgment of the trial court is affirmed.




 
Mackey K. Hancock

Justice



Do not publish.