**Petition for Writ of Mandamus Denied and Memorandum Opinion filed March 13, 2012.**



In The

# Fourteenth Court of Appeals

———————————

### NO. 14-12-00240-CR

———————————

### IN RE LESLIE FOSTER, Relator

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**176th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1311757**

---

## M E M O R A N D U M   O P I N I O N

On March 6, 2012, relator Leslie Foster filed a petition for writ of mandamus in this court.  *See* Tex. Gov't Code  § 22.221; *see also* Tex. R. App. P. 52.  Foster complains that respondent, the presiding judge of the 176th District Court of Harris County, has not furnished him with a copy of his trial record.

After a jury trial, Foster was convicted of evading arrest or detention, a state jail felony.  Foster entered pleas of true to the two enhancement paragraphs alleged in the indictment.  On July 21, 2011, the trial court sentenced Foster to confinement for seven years in the Institutional Division of the Texas Department of Criminal Justice.  Foster filed a timely notice of appeal.  The appeal was assigned to this court and docketed under

number 14-11-00653-CR. On July 25, 2011, the trial court signed an order appointing Jules Laird to represent Foster on appeal. The record was ordered prepared without advance payment of costs. The clerk's record was filed November 14, 2011, and the reporter's record was filed December 29, 2011. Foster's brief was due January 30, 2012, but it was not filed. On February 23, 2012, this court abated the appeal and directed the trial court to conduct a hearing to determine why the brief has not been filed. According to the order, Foster is entitled to be present at the hearing, either in person or by video teleconference. Records from the hearing are due to be filed in this court on or before March 23, 2012.

Foster asserts that he filed two motions requesting copies of his trial records with the trial court in 2011. Preparation of the trial record was not completed until December 29, 2011, however. Foster asserts that he has also filed requests with the court reporter, the Internal Affairs Division of the Houston Police Department, and the Texas Attorney General. He also filed a previous petition for writ of mandamus with this court seeking copies of public records from governmental agencies. We dismissed the petition for want of jurisdiction because it was not directed toward the district judge and was not necessary to enforce our jurisdiction. *See In re Foster,* No. 14-11-01094-CR (Tex. App.—Houston [14th Dist.] January 5, 2012, orig. proceeding) (mem. op.), citing Tex. Gov't Code § 22.221.

To be entitled to mandamus relief in a criminal case, a relator must show that he has no adequate remedy at law to redress his alleged harm, and that what he seeks to compel is a ministerial act, not involving a discretionary or judicial decision. *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). Consideration of a motion that is properly filed and before the court is a ministerial act. *State ex rel. Curry v. Gray*, 726 S.W.2d 125, 128 (Tex. Crim. App. 1987) (orig. proceeding). A relator must establish the trial court (1) had a legal duty to rule on the motion; (2) was asked to rule on the motion; and (3) failed to do so. *In re*

2

*Keeter*, 134 S.W.3d 250, 252 (Tex. App.—Waco 2003, orig. proceeding); *In re Villarreal*, 96 S.W.3d 708, 710 (Tex. App.—Amarillo 2003, orig. proceeding).

Foster has not provided this court with copies of any requests for copies of records. It is the relator's burden to provide this court with a record sufficient to establish his right to relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992); Tex. R. App. P. 52.3(k), 52.7(a). Foster also has not established that his motions were properly filed and that the trial court was asked to rule on them but failed to do so.

Because Foster is represented by counsel, his pro se filings effectively seek impermissible hybrid representation. A criminal appellant has no right to hybrid representation in which both the appellant and his attorney present independent arguments to an appellate court. *Ex parte Taylor*, 36 S.W.3d 883, 887 (Tex. Crim. App. 2001). A court is not required to respond to pro se filings when a criminal defendant is represented by counsel. *See Ex parte Bohannan*, 350 S.W.3d 116, 117 n. 1 (Tex. Crim. App. 2011) (noting that court disregarded and took no action on habeas corpus applicant's pro se submissions because he was represented by counsel). To the extent that Foster is complaining about his appointed counsel's performance, he has an adequate remedy to address that complaint with the trial court. *See Enriquez v. State,* 999 S.W.2d 905, 908 (Tex. App.—Waco 1999, no pet.) (recognizing that the trial court retains the power to appoint new counsel while an appeal is pending, as long as the change does not prejudice the rights of the defendant).

Accordingly, we deny Foster's petition for writ of mandamus.


PER CURIAM


Panel consists of Chief Justice Hedges and Justices Jamison and McCally.
Do Not Publish — Tex. R. App. P. 47.2(b).