In The

## *Court of Appeals*

## *Ninth District of Texas at Beaumont*

_____

### NO. 09-19-00333-CR
_____

### VIRNA CATHERINE FENDER, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the County Court at Law No. 5**
**Montgomery County, Texas**
**Trial Cause No. 19-338600**

### ORDER

In a series of motions and notices filed after the parties filed their briefs for the appeal, the appellant, Virna Catherine Fender, asked this Court: (1) to strike the State's brief as a fraud upon the court because the brief incorrectly stated that the case was heard before a jury; (2) to allow her to "Amend the appeal", which we interpret to be a request to correct briefing deficiencies; (3) to take judicial notice of her appeal from an administrative license suspension; and (4) to direct the trial court to issue findings of fact and conclusions of law regarding her motion to suppress

1

evidence. The State amended its brief but did not file a response to Fender's other motions.

In the interest of justice, we abate the appeal and remand the case to the trial court for entry of written findings of fact and conclusions of law on the trial court's essential findings on Fender's motion to suppress evidence. *See State v. Cullen*, 195 S.W.3d 696, 698-99 (Tex. Crim. App. 2006). A supplemental clerk's record containing the trial court's findings of fact and conclusions of law shall be filed with the Court of Appeals on or before September 10, 2020. The appeal will be reinstated without further order of this Court when the supplemental clerk's record is filed. The parties may file supplemental briefs that address the trial court's findings of fact and conclusions of law. *See* Tex. R. App. P. 38.7. The appellant's supplemental brief is due thirty days after the supplemental clerk's record is filed. The State's supplemental brief is due thirty days after the appellant files her supplemental brief. This Court will take judicial notice of Appeal Number 09-19-00338-CV, but the clerk's record filed in that appeal is not a part of and will not be considered as the record of this appeal. *See State v. Clammer*, 999 S.W.2d 903, 906 (Tex. App.— Amarillo 1999, pet. ref'd) (the appellate court reviews the trial court's judgment based upon the evidence before the trial court at the time it made the decision complained of.). All other requested pre-submission relief is denied.

ORDER ENTERED August 11, 2020.

PER CURIAM

Before McKeithen, C.J., Kreger and Johnson, JJ.