**The STATE of Texas, Appellant,**

v.

**Jeffery Patrick WALLETT, Appellee.**

**No. 07–99–0483–CR.**

Court of Appeals of Texas,
Amarillo.

Sept. 12, 2000.

Michael McDougal, Dist. Atty., Gina Gibson, Asst. Dist. Atty., Peter C. Speers, III, Asst. Dist. Atty., Conroe, for appellant.

Stephen D. Jackson, Jackson, Riley & Walker, L.L.P., Conroe, for appellee.

Before BOYD, C.J., and QUINN and REAVIS, JJ.

BRIAN QUINN, Justice.

The State of Texas appeals from an order granting the motion of Jeffery Pat-

rick Wallett to suppress evidence. The evidence sought to be suppressed was obtained as a result of a traffic stop by a police officer. Through two points of error, the State alleges that the trial court erred because under the "totality of the circumstances" the officer had not only reasonable suspicion but also probable cause to believe that Wallett was engaged in criminal activity. We affirm.[1]

## Background

The only evidence proffered at the hearing on the motion to suppress consisted of the testimony of a Department of Public Safety officer and a videotape made by that officer. Through his testimony, the officer described how he allegedly witnessed Wallett's car weave, "jerk", and "cross over the inside stripe three times" as Wallett traveled down Highway 105 at approximately 12:48 a.m. The tape depicted several vehicles traveling on Highway 105 at the time, including that of Wallett. While Wallett's vehicle can be seen at one point slowly drifting toward and away from the center lane that divided the highway, the tape depicts no "jerk[ing]" motion or multiple instances of weaving. Nor did it clearly show Wallett's vehicle actually cross over the center stripe. Nevertheless, these facts allegedly entitled the officer to stop his suspect for purposes of a temporary investigation or to cite him for "fail[ing] to drive in a single lane."

Wallett disagreed with the State's interpretation of the circumstances. He contended that they provided neither reasonable suspicion to justify a temporary detention nor probable cause to believe that a traffic violation had occurred. The trial court sided with Wallett, stated at the end of the hearing that "[b]ased upon what I've got in front of me, I don't think the burden has been met with respect to the State's burden ..." and granted the motion to suppress.

## Standard of Review

Whether the trial court erred in denying the motion depends upon whether it abused its discretion. *Benitez v. State*, 5 S.W.3d 915, 918 (Tex.App.—Amarillo 1999, pet. ref'd). Whether the court abused its discretion depends upon whether, given the record before it and the applicable law, the decision fell outside the zone of reasonable disagreement. *Id.* Whether the decision fell within the zone of reasonable disagreement depends upon whether any ground exists which, based upon the record, supports the court's decision. This is true even if the ground went unmentioned by anyone below. *State v. Clemmer*, 999 S.W.2d 903, 905 (Tex.App.— Amarillo 1999, pet. ref'd). And, in making that determination, we construe the record in a light most favorable to the court's decision. *Id.*

Next, while questions of law are subject to unfettered *de novo* review, the same is not necessarily true with regard to mixed questions of law and fact. That is, the application of law to fact is a mixed question of law and fact. *Guzman v. State*, 955 S.W.2d 85, 89 (Tex.Crim.App. 1997). But, before the law can be applied to any fact, one must decide what the relevant facts are. This is done by the fact-finder which, in performing its duty, considers the evidence presented of record and, based upon that evidence and its own common sense, synthesizes the operative facts particular to the case. Moreover, the evidence before it may be either uncontradicted or contradictory. Whether it is uncontradicted or contradictory determines the amount of deference that we accord to the ultimate decision. For instance, if the evidence is contradictory or the credibility or demeanor of a key witness is placed into conjecture, then we afford almost total deference to the fact-finder's determination of the historical facts involved. *Id.; State v. Clemmer*, 999 S.W.2d at 905. The same

---

1. Having found that oral argument would not significantly aid the court in determining the issues presented, this appeal is decided without oral argument. TEX.R.APP. P. 39.8.

deference is afforded to the manner in which the trial court applied the law to the facts before it. *Id.* However, if no factual dispute appears of record or the witness's credibility goes unquestioned, then we review, *de novo*, the manner in which the law was applied to the undisputed fact. *Id.* In sum, when the evidence is contradictory or when issues of credibility arise, the trial court may credit the evidence and witnesses it chooses to credit. And, when it does, we are not free to interfere with its choice.

### Application of Standard

■ If nothing else, the record of Wallett's purported activity is far from clear and undisputed. For instance, the officer testified that he saw Wallett weave and cross the center line before activating the video camera. So too did the officer describe the video as depicting Wallett "cross over into [the] turn lane" and "jerk[ ] a couple times inside his lane." Yet, upon viewing the tape, one sees no "jerk[ing]" as suggested by the officer, but only (and at best) one slow drift toward and away from the center lane. Additionally, whether the tape illustrates that the vehicle actually crossed into the lane can be reasonably debated. Furthermore, when pressed upon cross-examination, the officer eventually tempered his description of Wallett's jerking movement by conceding that it represented more of a "slow jerk or slow drift within the lane" rather than a hard jerk.[2]

■ The difference between the officer's description of the tape's content and what one can personally see from it, as well as the officer's concession regarding

2. How one can jerk slowly goes unexplained.

3. We also reject the State's argument that the trial court focused merely upon the videotape as opposed to the totality of the circumstances. While he did mention how police videos may help suspects prove their innocence or otherwise defeat prosecution, the trial judge expressly said he made his decision "[b]ased upon what I've got in front of me." From this, one could reasonably infer that he

the "slow jerk," effectively placed the credibility and accuracy of the witness's testimony into question. Indeed, the trial court implicitly recognized as much, as illustrated by various of its comments. For instance, after playing the tape several times, the court asked the prosecuting attorney "did you see any jerking" or "did you simply see what *you believed* to be a weave across the center lane." (Emphasis added). So too did the court comment about how videotaping can "assist[ ] folks that were stopped in showing that they weren't guilty or [that] reasonable suspicion did not exist." In each comment is the implicit observation that what was shown in the tape differed from what the officer said it showed. Consequently, the court was entitled to use this variation to place *all* of the officer's testimony into question.[3] Simply put, if the officer was wrong about one thing, the trial court could have rationalized that maybe he was wrong about other aspects of Wallett's purported conduct and, upon doing so, opted not to credit any of his testimony. So too was it entitled to conclude, given the circumstances before it, not only that Wallett merely drifted within his own lane but also that in so drifting he committed no act which evinced reasonable suspicion to believe that crime was afoot or probable cause to believe that a traffic regulation had been violated. *See Hernandez v. State*, 983 S.W.2d 867, 868–72 (Tex.App.—Austin 1998, pet. ref'd) (holding to that effect).

Upon affording the trial court's resolution of disputed historical fact deference as per *Guzman* and *Clemmer*, we hold that

considered, compared, and weighed all the evidence of record or the totality of the circumstances. And, given the absence of findings of fact and conclusions of law, we presume that he did. *See State v. Clemmer*, 999 S.W.2d 903, 905 (Tex.App.—Amarillo 1999, pet. ref'd) (stating that in the absence of expressed findings of fact and conclusions of law we presume that the court made those findings necessary to support its ruling).

some grounds exist to support the court's decision. Thus, the decision fell within the zone of reasonable disagreement and was not an instance of abused discretion.

Accordingly, we affirm the order granting the motion to suppress.