NO








NO. 07-01-0380-CR

 

IN THE COURT OF
APPEALS

 

FOR THE SEVENTH
DISTRICT OF TEXAS

 

AT AMARILLO

 

PANEL C

 

FEBRUARY 8, 2002

______________________________

 

SANDRA D. BURNS,

                                                                                                                                                

Appellant

 

v.

 

THE STATE OF TEXAS, 

 

Appellee

_________________________________

 

FROM THE COUNTY COURT
AT LAW NO. 2 FOR LUBBOCK COUNTY;

 

NO. 2000-471243; HON.
DRUE FARMER, PRESIDING

_______________________________

 

Before QUINN, REAVIS and JOHNSON,
JJ.

            Appellant,
Sandra D. Burns, appeals from a judgment under which she was convicted of
operating a motor vehicle in a public place while intoxicated.  Through two points of error, she contends
that the trial court erred in refusing to suppress evidence obtained via an
allegedly improper stop and admitting into evidence the results of her
intoxilyzer test.  We affirm.

 








Point
One – Refusal to Suppress Evidence

            Initially,
appellant contends that the trial court erred in denying her motion to suppress
evidence obtained by the officer after he stopped her.  The evidence was purportedly subject to
suppression because the officer lacked probable cause to stop her for any
traffic offense.  We overrule the
contention.

            Standard
of Review

            The
applicable standard of review was described by this court in State v.
Wallett, 31 S.W.3d 329 (Tex. App.–Amarillo 2000, no pet.).  We cite the litigants to same.

            Next,
a law enforcement officer need not have probable cause to stop an
individual.  He need only have
reasonable suspicion that criminal activity is afoot.  Held v. State, 948 S.W.2d 45, 51 (Tex. App.–Houston [14th
Dist.] 1997, pet. ref’d).  This enables
him to temporarily detain (for investigatory purposes) those engaged in the
activities creating the reasonable suspicion. 
Furthermore, in determining if such suspicion existed, we assess whether
a reasonable person in the position of the officer making the stop, with the
training, experience, and knowledge of the officer, could suspect that the
vehicle or person to be stopped has been or is connected to criminal
activity.  See United States v.
Cortez, 449 U.S. 411, 421-22, 101 S.Ct. 690, 697, 66 L.Ed.2d 621 (1981); Martinez
v. State, No. 07-01-0194 (Tex. App.–Amarillo January 29, 2002).  And, because the perspective through which
we view the situation is that of the reasonable officer, the subjective
thoughts and intentions of the actual officer making the stop are not
determinative.  Whren v. United
States, 517 U.S. 806, 813, 116 S.Ct. 1769, 1774, 135 L.Ed.2d 89 (1996), Martinez
v. State, supra.[1] 

            Application

            Here,
the record contains evidence illustrating that appellant traveled down a public
street at 4:40 a.m., made a wide turn, almost hit a curb on which stood the
officer who subsequently stopped appellant, and proceeded to drive down four
city blocks while weaving from her lane three times.  Weaving alone has been held sufficient basis to reasonably
suspect one may be intoxicated and to justify an investigatory stop.  Held v. State, 948 S.W.2d at 51.  Couple this with evidence of a turn which
almost resulted in the vehicle striking a curb and a pedestrian and we cannot
but conclude that a reasonable officer witnessing the events would have had
legitimate grounds to undertake an investigatory stop of appellant.

Point
Two – Admitting the Results of the Breath Test

            Appellant
next complains of the trial court’s admission into evidence of the results of
her intoxilyzer tests.  Two tests were
taken, and the results of same revealed that she had an alcohol concentration
of .168 and .164, respectively.  The
admission of these results was allegedly error because they were irrelevant, as
that term was defined  under Texas Rule
of Evidence 401.  Furthermore, assuming
they were relevant, their probative value was substantially outweighed by the
danger of unfair prejudice; so, they were purportedly subject to exclusion
under Texas Rule of Evidence 403.  We
overrule the point.

            Standard
of Review

            The
standard of review applicable to claims implicating the admission of evidence
is discussed in Montgomery v. State, 810 S.W.2d 372, 378-79 (Tex. Crim.
App. 1990).  We refer the litigants to
it.

            Application
of Standard

            To
the extent that appellant believes the results were irrelevant, we note that
the legislature effectively resolved that dispute.  Via §724.064 of the Texas Transportation Code, it declared that
“evidence of the alcohol concentration . . . as shown by analysis of a specimen
of the person’s blood, breath, or urine or any other bodily substance . . . is
admissible” in a prosecution arising from chapter 49 of the Penal
Code.  Tex.
Transp. Code Ann. §724.064 (Vernon 1999).  (Emphasis added).  Needless to say, trying appellant for operating a motor vehicle
in a public place while intoxicated is prosecution arising under Chapter 49 of
the Penal Code.  Tex. Penal Code Ann. §49.04 (Vernon Supp.
2002)(appearing under chapter 49 of the Texas Penal Code and criminalizing the
act of operating a motor vehicle in a public place while intoxicated).  Furthermore, the results or the intoxilyzer
tests here purportedly quantify the alcohol concentration found in appellant’s
body.  Thus, the legislature made those
results relevant pursuant to §724.064 of the Transportation Code.

            To
the extent that appellant invokes Texas Rule of Evidence 403, we read her
argument to implicate the concept of retrograde extrapolation.[2]  That is, she believes that the State
tendered the intoxilyzer results to illustrate that she had an alcohol
concentration of .08 or more while driving. 
Yet, because the tests were not administered until one and one-half
hours after she ceased driving, evidence of the rate at which she eliminated
alcohol from her body (i.e. retrograde extrapolation) was necessary to
place the tests results in context and render them meaningful.  Without that evidence (which the State did
not present), the jury was allegedly free to view the results and simply
conclude that since her alcohol concentration exceeded .08 at the time of the
test, it did so when the officer stopped her. 
And, being allowed to so speculate created a substantial danger of
unfair prejudice.  Assuming arguendo
that this argument may have merit under some circumstances, it does not given
those before us.

            The
officer who arrested appellant for “driving while intoxicated” had opportunity
to witness certain conduct and circumstances before making the arrest.  That conduct consisted of appellant 1)
making a wide turn on a public street and “almost colliding with the curb
where” the officer stood, 2) weaving three times as she drove down a four block
stretch of road, 3) having “a strong odor of an alcoholic beverage on her
breath,” 4) appearing “a little disoriented,” 5) appearing “a little confused,”
and 6) failing to satisfactorily perform the various sobriety tests
administered to her.  The sobriety tests
consisted of her attempting to recite her A, B, C’s in a way directed by the
officer, stand on one foot while counting to 30, touch her nose with her
finger, and walk heel to toe in a straight line for nine paces, turn around,
and repeat the task.  Her inability to
perform the tests indicated that she suffered from impaired mental and physical
faculties.  And, when her inability to
perform the tests is coupled to the evidence that her breath smelled of
alcohol, one could rationally conclude, beyond reasonable doubt, that appellant
was operating a motor vehicle in a public place while intoxicated.[3]
Consequently, we hold that the trial court’s decision to reject appellant’s
attempt to exclude the evidence via Rule 403 fell within the zone of reasonable
disagreement and evinced an exercise of legitimate discretion.[4]  

            Accordingly,
the judgment is affirmed.

 

                                                                                                            Brian Quinn

                                                                                                               
Justice

 

Do not publish. 

 

              

 

 

 

 

 











            [1]Again, the test
focuses upon the conduct and deductions of a reasonable officer under the
circumstances.  Given this, we reject
appellant’s suggestion that since the officer at bar stopped appellant because
he thought he had probable cause to believe she committed a traffic offense,
the State could only justify the stop on that basis.  Quite the contrary, if the circumstances permit the court to
deduce that a reasonable officer could have justified the stop based upon the
existence of circumstances creating reasonable suspicion that criminal activity
was afoot, that is all the State need show, irrespective of the subjective
motivations of the actual officer.





            [2]Retrograde
extrapolation involves the computation back in time of the alcohol
concentration found in one’s body based upon the speed with which the alcohol
is eliminated from the body.  Mata v.
State, 46 S.W.3d 902, 908-909 (Tex. Crim. App. 2001).  Furthermore, the speed with which alcohol is
eliminated depends upon a myriad of factors, as discussed in Mata.





            [3]According to
statute, the State may prove one to be intoxicated by 1) establishing that the
person did not have the normal use of mental or physical faculties by reason of
the introduction of alcohol or any other substance into the body or 2) having
an alcohol concentration of .08 or more. 
Tex. Penal Code Ann.
§49.01(2) (Vernon Supp. 2002).





            [4]In holding as we do,
we need not address the State’s proposition that §724.064 of the Texas
Transportation Code permits the admission of intoxilyzer results irrespective
of the limitations expressed in Rule 403. 
We do note, however, that Rule 403 has been applied in situations
wherein the legislature has previously declared particular evidence admissible.  See e.g., McCoy v. State, 10 S.W.3d
50 (Tex. App.–Amarillo 1999, no pet. ) (involving art. 38.37 of the Texas Code
of Criminal Procedure).