NO. 07-01-0380-CR

 IN THE COURT OF APPEALS

 FOR THE SEVENTH DISTRICT OF TEXAS

 AT AMARILLO

 PANEL C

 FEBRUARY 8, 2002
 ______________________________

 SANDRA D. BURNS,

 Appellant

 v.

 THE STATE OF TEXAS,

 Appellee
 _________________________________

 FROM THE COUNTY COURT AT LAW NO. 2 FOR LUBBOCK COUNTY;

 NO. 2000-471243; HON. DRUE FARMER, PRESIDING
 _______________________________

Before QUINN, REAVIS and JOHNSON, JJ.
 Appellant, Sandra D. Burns, appeals from a judgment under which she was convicted of operating
a motor vehicle in a public place while intoxicated. Through two points of error, she contends that
the trial court erred in refusing to suppress evidence obtained via an allegedly improper stop and
admitting into evidence the results of her intoxilyzer test. We affirm.

 Point One – Refusal to Suppress Evidence
 Initially, appellant contends that the trial court erred in denying her motion to suppress
evidence obtained by the officer after he stopped her. The evidence was purportedly subject to
suppression because the officer lacked probable cause to stop her for any traffic offense. We
overrule the contention.
 Standard of Review
 The applicable standard of review was described by this court in State v. Wallett, 31 S.W.3d
329 (Tex. App.–Amarillo 2000, no pet.). We cite the litigants to same.
 Next, a law enforcement officer need not have probable cause to stop an individual. He need
only have reasonable suspicion that criminal activity is afoot. Held v. State, 948 S.W.2d 45, 51
(Tex. App.–Houston [14th Dist.] 1997, pet. ref’d). This enables him to temporarily detain (for
investigatory purposes) those engaged in the activities creating the reasonable suspicion.
Furthermore, in determining if such suspicion existed, we assess whether a reasonable person in the
position of the officer making the stop, with the training, experience, and knowledge of the
officer, could suspect that the vehicle or person to be stopped has been or is connected to criminal
activity. See United States v. Cortez, 449 U.S. 411, 421-22, 101 S.Ct. 690, 697, 66 L.Ed.2d 621
(1981); Martinez v. State, No. 07-01-0194 (Tex. App.–Amarillo January 29, 2002). And, because the
perspective through which we view the situation is that of the reasonable officer, the subjective
thoughts and intentions of the actual officer making the stop are not determinative. Whren v.
United States, 517 U.S. 806, 813, 116 S.Ct. 1769, 1774, 135 L.Ed.2d 89 (1996), Martinez v. State,
supra.[1]
 Application
 Here, the record contains evidence illustrating that appellant traveled down a public street
at 4:40 a.m., made a wide turn, almost hit a curb on which stood the officer who subsequently
stopped appellant, and proceeded to drive down four city blocks while weaving from her lane three
times. Weaving alone has been held sufficient basis to reasonably suspect one may be intoxicated
and to justify an investigatory stop. Held v. State, 948 S.W.2d at 51. Couple this with evidence
of a turn which almost resulted in the vehicle striking a curb and a pedestrian and we cannot but
conclude that a reasonable officer witnessing the events would have had legitimate grounds to
undertake an investigatory stop of appellant.
 Point Two – Admitting the Results of the Breath Test
 Appellant next complains of the trial court’s admission into evidence of the results of her
intoxilyzer tests. Two tests were taken, and the results of same revealed that she had an alcohol
concentration of .168 and .164, respectively. The admission of these results was allegedly error
because they were irrelevant, as that term was defined under Texas Rule of Evidence 401.
Furthermore, assuming they were relevant, their probative value was substantially outweighed by the
danger of unfair prejudice; so, they were purportedly subject to exclusion under Texas Rule of
Evidence 403. We overrule the point.
 Standard of Review
 The standard of review applicable to claims implicating the admission of evidence is discussed
in Montgomery v. State, 810 S.W.2d 372, 378-79 (Tex. Crim. App. 1990). We refer the litigants to
it.
 Application of Standard
 To the extent that appellant believes the results were irrelevant, we note that the
legislature effectively resolved that dispute. Via §724.064 of the Texas Transportation Code, it
declared that “evidence of the alcohol concentration . . . as shown by analysis of a specimen of the
person’s blood, breath, or urine or any other bodily substance . . . is admissible” in a prosecution
arising from chapter 49 of the Penal Code. Tex. Transp. Code Ann. §724.064 (Vernon 1999).
(Emphasis added). Needless to say, trying appellant for operating a motor vehicle in a public place
while intoxicated is prosecution arising under Chapter 49 of the Penal Code. Tex. Penal Code Ann.
§49.04 (Vernon Supp. 2002)(appearing under chapter 49 of the Texas Penal Code and criminalizing the
act of operating a motor vehicle in a public place while intoxicated). Furthermore, the results or
the intoxilyzer tests here purportedly quantify the alcohol concentration found in appellant’s body.
 Thus, the legislature made those results relevant pursuant to §724.064 of the Transportation Code.
 To the extent that appellant invokes Texas Rule of Evidence 403, we read her argument to
implicate the concept of retrograde extrapolation.[2] That is, she believes that the State tendered
the intoxilyzer results to illustrate that she had an alcohol concentration of .08 or more while
driving. Yet, because the tests were not administered until one and one-half hours after she ceased
driving, evidence of the rate at which she eliminated alcohol from her body (i.e. retrograde
extrapolation) was necessary to place the tests results in context and render them meaningful.
Without that evidence (which the State did not present), the jury was allegedly free to view the
results and simply conclude that since her alcohol concentration exceeded .08 at the time of the
test, it did so when the officer stopped her. And, being allowed to so speculate created a
substantial danger of unfair prejudice. Assuming arguendo that this argument may have merit under
some circumstances, it does not given those before us.
 The officer who arrested appellant for “driving while intoxicated” had opportunity to witness
certain conduct and circumstances before making the arrest. That conduct consisted of appellant 1)
making a wide turn on a public street and “almost colliding with the curb where” the officer stood,
2) weaving three times as she drove down a four block stretch of road, 3) having “a strong odor of
an alcoholic beverage on her breath,” 4) appearing “a little disoriented,” 5) appearing “a little
confused,” and 6) failing to satisfactorily perform the various sobriety tests administered to her.
The sobriety tests consisted of her attempting to recite her A, B, C’s in a way directed by the
officer, stand on one foot while counting to 30, touch her nose with her finger, and walk heel to
toe in a straight line for nine paces, turn around, and repeat the task. Her inability to perform
the tests indicated that she suffered from impaired mental and physical faculties. And, when her
inability to perform the tests is coupled to the evidence that her breath smelled of alcohol, one
could rationally conclude, beyond reasonable doubt, that appellant was operating a motor vehicle in
a public place while intoxicated.[3] Consequently, we hold that the trial court’s decision to reject
appellant’s attempt to exclude the evidence via Rule 403 fell within the zone of reasonable
disagreement and evinced an exercise of legitimate discretion.[4]
 Accordingly, the judgment is affirmed.

 Brian Quinn
 Justice

Do not publish.

-----------------------

 [1]Again, the test focuses upon the conduct and deductions of a reasonable officer under the
circumstances. Given this, we reject appellant’s suggestion that since the officer at bar stopped
appellant because he thought he had probable cause to believe she committed a traffic offense, the
State could only justify the stop on that basis. Quite the contrary, if the circumstances permit
the court to deduce that a reasonable officer could have justified the stop based upon the existence
of circumstances creating reasonable suspicion that criminal activity was afoot, that is all the
State need show, irrespective of the subjective motivations of the actual officer.

 [2]Retrograde extrapolation involves the computation back in time of the alcohol concentration
found in one’s body based upon the speed with which the alcohol is eliminated from the body. Mata
v. State, 46 S.W.3d 902, 908-909 (Tex. Crim. App. 2001). Furthermore, the speed with which alcohol
is eliminated depends upon a myriad of factors, as discussed in Mata.

 [3]According to statute, the State may prove one to be intoxicated by 1) establishing that the
person did not have the normal use of mental or physical faculties by reason of the introduction of
alcohol or any other substance into the body or 2) having an alcohol concentration of .08 or more.
Tex. Penal Code Ann. §49.01(2) (Vernon Supp. 2002).

 [4]In holding as we do, we need not address the State’s proposition that §724.064 of the Texas
Transportation Code permits the admission of intoxilyzer results irrespective of the limitations
expressed in Rule 403. We do note, however, that Rule 403 has been applied in situations wherein
the legislature has previously declared particular evidence admissible. See e.g., McCoy v. State,
10 S.W.3d 50 (Tex. App.–Amarillo 1999, no pet. ) (involving art. 38.37 of the Texas Code of Criminal
Procedure).