NO. 07-01-0380-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

FEBRUARY 8, 2002
_____

SANDRA D. BURNS,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE COUNTY COURT AT LAW NO. 2 FOR LUBBOCK COUNTY;

NO. 2000-471243; HON. DRUE FARMER, PRESIDING
_____

Before QUINN, REAVIS and JOHNSON, JJ.

Appellant, Sandra D. Burns, appeals from a judgment under which she was convicted of operating a motor vehicle in a public place while intoxicated. Through two points of error, she contends that the trial court erred in refusing to suppress evidence obtained via an allegedly improper stop and admitting into evidence the results of her intoxilyzer test. We affirm.

### *Point One – Refusal to Suppress Evidence*

Initially, appellant contends that the trial court erred in denying her motion to suppress evidence obtained by the officer after he stopped her. The evidence was purportedly subject to suppression because the officer lacked probable cause to stop her for any traffic offense. We overrule the contention.

*Standard of Review*

The applicable standard of review was described by this court in *State v. Wallett*, 31 S.W.3d 329 (Tex. App.–Amarillo 2000, no pet.). We cite the litigants to same.

Next, a law enforcement officer need not have probable cause to stop an individual. He need only have reasonable suspicion that criminal activity is afoot. *Held v. State*, 948 S.W.2d 45, 51 (Tex. App.–Houston [14th Dist.] 1997, pet. ref'd). This enables him to temporarily detain (for investigatory purposes) those engaged in the activities creating the reasonable suspicion. Furthermore, in determining if such suspicion existed, we assess whether a reasonable person in the position of the officer making the stop, with the training, experience, and knowledge of the officer, could suspect that the vehicle or person to be stopped has been or is connected to criminal activity. *See United States v. Cortez*, 449 U.S. 411, 421-22, 101 S.Ct. 690, 697, 66 L.Ed.2d 621 (1981); *Martinez v. State*, No. 07-01-0194 (Tex. App.–Amarillo January 29, 2002). And, because the perspective through which we view the situation is that of the reasonable officer, the subjective thoughts and intentions of the actual officer making the stop are not determinative. *Whren v. United States*, 517 U.S. 806, 813, 116 S.Ct. 1769, 1774, 135 L.Ed.2d 89 (1996), *Martinez v. State*,

*supra*.[1]

*Application*

Here, the record contains evidence illustrating that appellant traveled down a public street at 4:40 a.m., made a wide turn, almost hit a curb on which stood the officer who subsequently stopped appellant, and proceeded to drive down four city blocks while weaving from her lane three times. Weaving alone has been held sufficient basis to reasonably suspect one may be intoxicated and to justify an investigatory stop. *Held v. State*, 948 S.W.2d at 51. Couple this with evidence of a turn which almost resulted in the vehicle striking a curb and a pedestrian and we cannot but conclude that a reasonable officer witnessing the events would have had legitimate grounds to undertake an investigatory stop of appellant.

### Point Two – Admitting the Results of the Breath Test

Appellant next complains of the trial court's admission into evidence of the results of her intoxilyzer tests. Two tests were taken, and the results of same revealed that she had an alcohol concentration of .168 and .164, respectively. The admission of these results was allegedly error because they were irrelevant, as that term was defined under Texas Rule of Evidence 401. Furthermore, assuming they were relevant, their probative value was substantially outweighed by the danger of unfair prejudice; so, they were purportedly subject to exclusion under Texas Rule of Evidence 403. We overrule the point.

---

[1]Again, the test focuses upon the conduct and deductions of a reasonable officer under the circumstances. Given this, we reject appellant's suggestion that since the officer at bar stopped appellant because he thought he had probable cause to believe she committed a traffic offense, the State could only justify the stop on that basis. Quite the contrary, if the circumstances permit the court to deduce that a reasonable officer could have justified the stop based upon the existence of circumstances creating reasonable suspicion that criminal activity was afoot, that is all the State need show, irrespective of the subjective motivations of the actual officer.

*Standard of Review*

The standard of review applicable to claims implicating the admission of evidence is discussed in *Montgomery v. State*, 810 S.W.2d 372, 378-79 (Tex. Crim. App. 1990). We refer the litigants to it.

*Application of Standard*

To the extent that appellant believes the results were irrelevant, we note that the legislature effectively resolved that dispute. Via §724.064 of the Texas Transportation Code, it declared that "evidence of the alcohol concentration . . . as shown by analysis of a specimen of the person's blood, breath, or urine or any other bodily substance . . . *is admissible*" in a prosecution arising from chapter 49 of the Penal Code. TEX. TRANSP. CODE ANN. §724.064 (Vernon 1999). (Emphasis added). Needless to say, trying appellant for operating a motor vehicle in a public place while intoxicated is prosecution arising under Chapter 49 of the Penal Code. TEX. PENAL CODE ANN. §49.04 (Vernon Supp. 2002)(appearing under chapter 49 of the Texas Penal Code and criminalizing the act of operating a motor vehicle in a public place while intoxicated). Furthermore, the results or the intoxilyzer tests here purportedly quantify the alcohol concentration found in appellant's body. Thus, the legislature made those results relevant pursuant to §724.064 of the Transportation Code.

To the extent that appellant invokes Texas Rule of Evidence 403, we read her argument to implicate the concept of retrograde extrapolation.[2] That is, she believes that

---

[2]Retrograde extrapolation involves the computation back in time of the alcohol concentration found in one's body based upon the speed with which the alcohol is eliminated from the body. *Mata v. State*, 46 S.W.3d 902, 908-909 (Tex. Crim. App. 2001). Furthermore, the speed with which alcohol is eliminated depends upon a myriad of factors, as discussed in *Mata*.

4

the State tendered the intoxilyzer results to illustrate that she had an alcohol concentration of .08 or more while driving. Yet, because the tests were not administered until one and one-half hours after she ceased driving, evidence of the rate at which she eliminated alcohol from her body (*i.e.* retrograde extrapolation) was necessary to place the tests results in context and render them meaningful. Without that evidence (which the State did not present), the jury was allegedly free to view the results and simply conclude that since her alcohol concentration exceeded .08 at the time of the test, it did so when the officer stopped her. And, being allowed to so speculate created a substantial danger of unfair prejudice. Assuming *arguendo* that this argument may have merit under some circumstances, it does not given those before us.

The officer who arrested appellant for "driving while intoxicated" had opportunity to witness certain conduct and circumstances before making the arrest. That conduct consisted of appellant 1) making a wide turn on a public street and "almost colliding with the curb where" the officer stood, 2) weaving three times as she drove down a four block stretch of road, 3) having "a strong odor of an alcoholic beverage on her breath," 4) appearing "a little disoriented," 5) appearing "a little confused," and 6) failing to satisfactorily perform the various sobriety tests administered to her. The sobriety tests consisted of her attempting to recite her A, B, C's in a way directed by the officer, stand on one foot while counting to 30, touch her nose with her finger, and walk heel to toe in a straight line for nine paces, turn around, and repeat the task. Her inability to perform the tests indicated that she suffered from impaired mental and physical faculties. And, when her inability to perform the tests is coupled to the evidence that her breath smelled of alcohol, one could rationally conclude, beyond reasonable doubt, that appellant was

5

operating a motor vehicle in a public place while intoxicated.[3] Consequently, we hold that the trial court's decision to reject appellant's attempt to exclude the evidence via Rule 403 fell within the zone of reasonable disagreement and evinced an exercise of legitimate discretion.[4]

Accordingly, the judgment is affirmed.

Brian Quinn
Justice

Do not publish.

---

[3]According to statute, the State may prove one to be intoxicated by 1) establishing that the person did not have the normal use of mental or physical faculties by reason of the introduction of alcohol or any other substance into the body or 2) having an alcohol concentration of .08 or more. TEX. PENAL CODE ANN. §49.01(2) (Vernon Supp. 2002).

[4]In holding as we do, we need not address the State's proposition that §724.064 of the Texas Transportation Code permits the admission of intoxilyzer results irrespective of the limitations expressed in Rule 403. We do note, however, that Rule 403 has been applied in situations wherein the legislature has previously declared particular evidence admissible. *See e.g., McCoy v. State*, 10 S.W.3d 50 (Tex. App.–Amarillo 1999, no pet. ) (involving art. 38.37 of the Texas Code of Criminal Procedure).