**Affirmed and Memorandum Opinion filed March 27, 2012.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-10-00711-CR
## NO. 14-10-00712-CR

---

**LAURA PINEDA, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 178th District Court
Harris County, Texas
Trial Court Cause Nos. 1173982 & 1173983**

---

## MEMORANDUM OPINION

Appellant Laura Pineda was convicted in two separate cases of causing serious bodily injury to a child and endangering a child. She was sentenced respectively to ten years' and two years' confinement in the Institutional Division of the Texas Department of Criminal Justice, and her sentences were to run concurrently. On appeal, she argues

that the trial court erred in allowing J.P., a child, to testify via closed-circuit television, and in admitting testimony about an outcry statement made by J.P. We affirm.

I

On June 9, 2007, Angel Sanchez Ponce drove from his construction jobsite in Louisiana to Pineda's house in Texas. He planned on picking up J.P. and S.S., two children, for a visit. J.P. was Pineda's eight-year-old son; S.S. was Pineda's three-year-old daughter. Ponce is unrelated to J.P., but he is S.S.'s father. Ponce arrived sometime after 9 that evening. He was drunk. Pineda was sleeping when he arrived, but he woke her up and asked to take the children. Without asking where Ponce intended to go with the children, how she could reach him, or when he would return, Pineda allowed Ponce to leave with the children.

By this point, Ponce had consumed more than twenty beers. He took the children to a hotel and ordered a pizza. When S.S. drank from one of Ponce's beers, he punished her by ordering her to disrobe from the waist down and lay on one of the hotel beds. He then sodomized and raped her while J.P. sat about three feet away. S.S. screamed out in pain; Ponce slapped her and told her to be quiet. Ponce panicked when he saw that S.S. was bleeding heavily, and he tried to clean up the blood with the hotel's towels.

Ponce then put the children in his car and drunkenly drove around Houston for hours, looking for a hospital. Eventually, Ponce was arrested and S.S. was taken to Texas Children's Hospital. J.P. was taken into the custody of the Texas Department of Family Protective Services, Child Protection Services Division. Ponce admitted to raping and sodomizing S.S., and he confessed to sodomizing J.P. in 2005.

Because she allowed J.P. and S.S. to be in Ponce's care, Pineda was indicted for (1) causing serious bodily injury to S.S. intentionally and knowingly by omission, and (2) putting J.P. in imminent danger of bodily injury. On the State's motion, the two causes were consolidated.

## II

We review the trial court's admission of evidence using an abuse-of-discretion standard. *See Apolinar v. State,* 155 S.W.3d 184, 186 (Tex. Crim. App. 2005); *Nickerson v. State*, 312 S.W.3d 250, 255 (Tex. App.—Houston [14th Dist.] 2010, pet. ref'd). While a trial court has substantial discretion, it can abuse its discretion if its rulings are outside of "that zone within which reasonable persons might disagree." *Nickerson*, 312 S.W.3d at 255. A trial court's ruling on the admissibility of evidence will be upheld if the record reasonably supports the ruling. *Id.*

Pineda first complains that the trial court's decision to allow J.P. to testify via a closed-circuit system violated her Sixth Amendment right to confrontation. In *Maryland v. Craig,* the U.S. Supreme Court held that a defendant's Sixth Amendment right to face-to-face confrontation can give way to the State's interest in protecting the welfare of children. 497 U.S. 836, 853 (1990). If the State "makes an adequate showing of necessity, the state interest in protecting child witnesses from the trauma of testifying . . . is sufficiently important to justify the use of a special procedure that permits a child witness . . . to testify at trial against the defendant in the absence of face-to-face confrontation with the defendant." *Id.* at 855.

The Texas Court of Criminal Appeals has interpreted *Craig* to mean that before a trial court is allowed to utilize a closed-circuit system of transmitting a child's testimony into the courtroom, the court must hear evidence and make a case-specific determination that: (1) the procedure is necessary to protect the welfare of the child witness; (2) the child witness would be traumatized, not by the courtroom generally, but by the presence of the defendant; and (3) the emotional distress suffered by the child in the presence of the defendant is more than mere nervousness, excitement, or some reluctance to testify. *Hightower v. State,* 822 S.W.2d 48, 51 (Tex. Crim. App. 1991). If the trial court makes these findings, then the Confrontation Clause does not prohibit the use of a child's testimony via a closed-circuit system. *Id.*

The trial court held a hearing under article 38.071 of the Texas Code of Criminal Procedure to determine whether it would be appropriate to allow J.P. to testify via a closed-circuit system. During that hearing, J.P.'s therapist testified that, on top of normal nervousness related to testifying, J.P. was especially nervous about seeing Pineda. She testified that, when she asked J.P. how he would feel if he saw Pineda, J.P. "turned white and he just shut down." J.P's adoptive mother also testified at the hearing. She testified that J.P. had not seen Pineda in nearly two years and that, though J.P. is normally happy, he becomes "very withdrawn and introverted, upset, [and] sad" when he talks about Pineda.

In light of this testimony, we do not believe the trial court abused its discretion in its implicit findings that (1) allowing J.P. to testify via a closed-circuit system was necessary to protect his welfare; (2) J.P. would be traumatized by Pineda's presence, not the courtroom generally; and (3) the distress suffered by J.P. in Pineda's presence would be more than mere nervousness, excitement, or some reluctance to testify. *See Hightower,* 822 S.W.2d at 51. We overrule Pineda's first issue.

III

Next, we turn to Pineda's argument that the trial court erred by allowing three witnesses to testify regarding J.P.'s alleged outcry statement regarding Ponce's abuse of S.S. In cases alleging aggravated sexual assault of a child, an outcry witness's hearsay testimony about a child's statement is admissible if: (1) the statement describes the alleged offense; (2) the statement was made by the child against whom the charged offense was allegedly committed; (3) the witness is the first person, eighteen years of age or older, other than the defendant, to whom the child made the statement; (4) the party intending to offer the statement provides written notice of that intention—along with a summary of the statement and the name of the witness—at least fourteen days before the proceeding begins; (5) the trial court finds, in a hearing outside the jury's presence, that the statement is reliable based on the time, content, and circumstances of the statement; and (6) the child testifies or is available to testify at the proceeding. Tex. Code Crim.

4

Proc. art. 38.072 § 2; *Shaw v. State*, 329 S.W.3d 645, 652 (Tex. App.—Houston [14th Dist.] 2010, pet. ref'd).

If a defendant objects based on hearsay, the State bears the burden of proving every element of the statute. *Shaw*, 329 S.W.3d at 652. When a trial court overrules an objection, the appellate court will infer that the State met its burden. *Id.* When reviewing a claim challenging a trial court's decision to admit evidence for an abuse of discretion, we will reverse only when the decision falls outside the zone of reasonable disagreement. *Id.* Whether the decision falls within the zone of reasonable disagreement depends upon whether any ground exists which, based upon the record, supports the court's decision. *State v. Wallett*, 31 S.W.3d 329, 331 (Tex. App.—Amarillo 2000, no pet.). And, in making that determination, we construe the record in a light most favorable to the court's decision. *Id.* When a court admits evidence over an objection, even in error, it is not reversible when the same evidence is subsequently admitted without objection. *Zarco v. State*, 210 S.W.3d 816, 833 (Tex. App.—Houston [14th Dist.] 2006, no pet.).

Because Texas law only permits outcry testimony concerning statements "made by the child against whom the charged offense . . . was allegedly committed," the trial court committed clear error in cause number 1173982 (endangering S.S. by omission) when it admitted outcry testimony concerning statements made by J.P. *See* Tex. Code Crim. Proc. art. 38.072. Nevertheless, the error was harmless. The admission of inadmissible hearsay constitutes non-constitutional error, and it will be considered harmless if a reviewing court, after examining the record as a whole, is reasonably assured that the error did not influence the jury verdict or had but a slight effect. *Chapman v. State*, 150 S.W.3d 809, 814 (Tex. App.—Houston [14th Dist.] 2004, pet. ref'd.). In assessing the likelihood that the jury's decision was adversely affected by the error, the appellate court should consider everything in the record, including any testimony or physical evidence admitted for the jury's consideration, the nature of the evidence supporting the verdict, the character of the alleged error and how it might be considered in connection with other evidence in the case. *Motilla v. State*, 78 S.W.3d 352, 355 (Tex. Crim. App. 2002).

Here, Ponce and J.P. both testified that appellant had multiple confrontations with Ponce concerning the abuse. Further, J.P. testified—without objection—to the same facts covered by the improper outcry witnesses. In light of this, we conclude that the erroneously admitted testimony had, at most, a slight effect on the jury's verdict, and we overrule Pineda's second issue. *See Chapman*, 150 S.W.3d at 814.

* * *

For the foregoing reasons, we affirm the trial court's judgment.


/s/    Jeffrey V. Brown
       Justice


Panel consists of Justices Brown, Boyce, and McCally.

Do Not Publish — TEX. R. APP. P. 47.2(b).

6